SARAH E. VINCENT, Respondent, *v.* WILLIAM H. RIX and Others, Defendants, Impleaded with VIOLET PUTNAM and Another, Appellants.*

Third Department, May 4, 1927.

Wills — construction — husband left residue of property to widow, but provided that all property undisposed of by her on remarriage or death should pass to heirs at law and next of kin — will of widow, devising all residue " of my real and personal property from whatsoever source derived " to named devisee, did not pass real property left by husband — not necessary to determine whether widow might have disposed of said real property by specific devise.

This is an action for partition of certain real property. The will of the owner left the residue of his property, including the real property in question, to his widow, but provided in the will that all property left to his widow, which was undisposed of by her on her remarriage or on her death, should pass to his heirs at law and next of kin. The widow did not dispose of the real property in question during her life, but left a will in which she devised the residue " of my real and personal property from whatsoever source derived " to a named devisee. It is not necessary to determine whether or not the widow might have devised the real property in question by a specific devise, for her will did not purport to devise the real property which was left to her by her husband but merely the real property which she owned. Therefore, her will did not apply to the real property in question, for at the time of her death she did not have title to, but merely a life estate therein, subject to the right to dispose of the same during her lifetime.

APPEAL by the defendants, Violet Putnam and another, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Saratoga on the 23d day of August, 1926, upon the decision of the court rendered after a trial at the Saratoga Special Term.

The judgment adjudged that the plaintiff and some of the defendants, not including appellants, are the owners of certain real property in Saratoga Springs, N. Y., and directed the sale thereof.

*Lewis C. Varney* [*James A. Leary, Walter A. Fullerton* and *Edward W. Barrett* of counsel], for the appellants.

*Butler, Kilmer, Hoey & Butler* [*W. P. Butler* and *Charles L. Hoey* of counsel], for the respondent.

WHITMYER, J. The action is for a partition of the property and involves the construction of the will of Asa W. S. Rix, who owned the property at the time of his death. It involves, also, the construction of the will of his widow, Julia Rix.

Plaintiff and the defendants, in whose favor the judgment was

* Affg. 127 Misc. 639.

rendered, claim as the husband's heirs at law and next of kin under the 7th or residuary clause of his will. Defendant Violet Putnam, only heir at law of the widow, claims under the residuary clause of her will. Julia V. Putnam is the mother of Violet and the executrix of the widow's will.

Asa W. S. Rix owned the property at the time of his death on November 26, 1919. He left a will dated February 11, 1919, probated January 10, 1920, in and by which, after making a few legacies, he disposed of the residue of his estate, in the 7th clause, as follows: " All the rest, residue and remainder of my property and estate, both real and personal and every name and nature, I give, devise and bequeath unto my beloved wife, Julia Rix, to be her absolute property, provided, however, that upon the death or remarriage of my said wife, whatever of property or estate she may have received from me and which shall remain at that time undisposed of, I give, devise and bequeath unto my heirs at law and next of kin, in shares as provided by the laws of descent and statutes of distribution of the State of New York." And he appointed her executrix and, as such, gave her full power of sale of any and all of his real estate.

He had conducted a retail store upon the property for the sale of " Yankee Notions," since · their marriage on May 14, 1899, and she had assisted in the business without pay. Upon his death, she continued the business there, in the name of his estate, until her death, December 14, 1925. She did not remarry, did not dispose of the property in her lifetime, and it stood in his name when she died. She left a will, dated November 13, 1925, probated December 28, 1925, in and by which, after making four or five bequests, including one for a monument upon her husband's cemetery lot, one for care of that lot and two other lots, one for masses, and one for a charity, she gave the residue of her property, by the 7th clause, to Violet Putnam, an infant and her only heir at law, in words as follows: " I give, devise and bequeath all the rest, residue and remainder of my real and personal property from whatsoever source derived to Violet Putnam, the daughter of my nephew Fred C. Putnam, late deceased, to have and to hold forever."

Now, the husband's heirs claim that they are entitled to the property, under his will, as property undisposed of at the time of the widow's death, while Violet Putnam claims that the widow took and had absolute title, that the limitation over was void, and that her will was an effective disposition of it, within the contemplation of his will.

The gift to the widow of the remainder was not absolute, but was coupled with the proviso that the property received by. her from

him, remaining undisposed of by her at the time of her death or remarriage, should go to his heirs at law and next of kin. She did not take the fee, but took a life estate, with the right to use what she chose and with the proviso that the undisposed of remainder should go to his heirs at law and next of kin. Otherwise, the provision was unnecessary. The words " undisposed of " have a broad meaning. He did not state specifically in what sense he intended them, whether he intended to limit them to a disposition by her in her lifetime and for her own benefit, or to a disposition by her to take effect before her death, or intended to include, also, a disposition by will. Similar words in similar wills have been limited to a disposition to take effect prior to death, excluding a disposition by will. (*Seaward* v. *Davis,* 198 N. Y. 415; *Matter of Ithaca Trust Co.,* 220 id. 437.) But it is not necessary to determine what he meant, for the reason that the widow's will disposed only of what was her own. It is true, the residuary clause disposes of real and personal property " from whatsoever source derived," but it is her own property to which she refers, because she uses the words " my real and personal property " in connection with them, and does not refer to any property received by her under her husband's will and remaining undisposed of. Such property was not covered by it.

The judgment should be affirmed, with costs.

VAN KIRK, Acting P. J., HINMAN and MCCANN, JJ., concur; DAVIS, J., concurs in the result.

Judgment affirmed, with costs.