JAMES C. B. MILLARD et al., as Trustees, Plaintiffs, v. MARY McFADDEN et al., Defendants.

Supreme Court, Special Term, New York County, July 24, 1945.

*Thomas A. Ryan* for plaintiffs.

*William Fitz Gibbon* for defendants.

BENVENGA, J. This is an action for the judicial settlement of the account of the plaintiffs, as trustees under an indenture of trust made by Eleanor Gould Stevens.

By article first of the trust indenture, as amended, the settlor reserved the right to direct the trustees upon her death, to pay the principal of the trust funds " to such persons and in such amounts, in such manner and upon such trusts " as she should designate and appoint by her last will and testament, *provided, however*, that if she left issue surviving her, she could not freely appoint more than 50% of the principal if she left one child, or more than 33% if she left two or more children. If she left no issue, she could appoint 10% to her mother, and the balance " to such persons and in such proportions, in such manner and upon such trusts " as she should appoint; and, failing in such appointment, then 45% to her sister and 55% to her brother.

These provisions, however, are made subject to the following proviso: " *Provided, however,* that it is understood and agreed, anything herein contained to the contrary notwithstanding, that the (settlor) hereby reserves the right and power by her last Will and Testament, to charge the whole or any part of the principal of said trust fund, with the appointment of the income therefrom to and for the use and benefit of (her) surviving husband during his life or for any shorter period." (Italics supplied.)

In accordance with her reserved right and power, the settlor thereafter executed a last will and testament. By paragraph third, she provided for the appointment of the principal of the trust fund, making specific bequests to Luis Franke and others, and appointing the balance to her husband. By paragraph fourth, she gave the residue of her estate to her husband. Subsequently, she executed two codicils in which she revoked the specific bequests, but confirmed the provisions of her will in all other particulars.

When the settlor died, she left no surviving issue, and her mother had predeceased her. As her next of kin and distributees, she did leave her husband, a sister, and a brother.

1. The attorney for the settlor's brother, Jay Gould, contends that, under the proviso clause (quoted *supra*), the settlor merely reserved the right and power to appoint the income from the trust fund for the benefit of her husband during his lifetime, and that, on the settlor's death, her brother acquired a vested interest in 55% of the trust fund, subject to the life estate in her husband.

In construing the proviso clause, it is to be observed that it is a proviso to the whole of article first; it qualifies or modifies the entire article. This clearly appears not only from the language used, but from the typographical arrangement of the words and paragraphs. So, it is to be observed that " The word ' *provided* ' expresses a limitation or exception, followed by that which is expressed or understood. The word ' *however* ' is added confirmation of the same intention, showing clearly that the purpose is to qualify an apparently absolute gift." (*Vincent* v. *Rix,* 127 Misc. 639, 643, affd. 221 App. Div. 209, 211, affd. 248 N. Y. 76.) What are these apparently absolute gifts? The settlor had already appointed part of the trust fund to her issue and her mother. Her purpose, undoubtedly, was to qualify these bequests. Accordingly, reading the clause in the light of article first as a whole, it would seem that, notwithstanding anything therein contained to the contrary (that

is. notwithstanding these apparently absolute bequests), it was the settlor's intention to reserve the right and power to charge the whole or any part of the trust fund with the payment of the income therefrom to her husband during his lifetime.

Moreover, the trust indenture should be construed in the light of the settlor's will. Indeed, the provisions of these instruments should be read as if incorporated in one document. When so read, it is clear that, in the settlor's opinion, she had retained full and unrestricted testamentary power of appointment to dispose of the trust fund to her husband or anyone else, in the event that she left no issue and her mother failed to survive her. She demonstrated that this was her opinion and her intention by appointing the entire trust fund to her husband outright.

2. The will and the codicils were admitted to probate in the Surrogate's Court, New York County. Through an error or oversight, Luis Franke, whose legacy was revoked, was not cited as a party to the probate proceedings. His guardian ad litem, therefore, argues that the decree is null and void as to him; that this court is without jurisdiction to remedy the defect in the probate proceedings, and that the Surrogate's Court is likewise powerless to remedy the defect. The trustees argue that this court has jurisdiction to settle their accounts; that, as an incident thereof, it may determine whether the power of appointment was validly exercised, and that it may also remedy the defect in the probate proceedings.

It may be assumed that this court has jurisdiction to settle the account of the trustees and, as an incident thereof, to determine whether the settlor properly exercised the reserved power of appointment (see *Matter of Crosby,* 136 Misc. 688, 689; *Bouton* v. *Fleharty,* 215 App. Div. 180, 183). It may also be assumed that the probate decree is conclusive as to all matters embraced therein and against all parties who were cited and of whom the Surrogate's Court had jurisdiction; and that, as Luis Franke was not cited as a party to the proceeding, the decree is a complete nullity as to him (see *Matter of Benjamin Altman,* 115 Misc. 476, 480; *Matter of Clarke,* 144 Misc. 705, 707; *Matter of Sanderson,* 157 Misc. 473, 474). But the question still remains whether this court, as an incident to determining whether the settlor properly exercised her reserved power of appointment, has jurisdiction to remedy the defect in the probate proceeding arising from the failure to cite Luis Franke.

It is well settled that, although this court, in the exercise of its general jurisdiction, " may take the account of a trustee,

probate a will, and exercise jurisdiction in many other matters where the Surrogates' Court also has jurisdiction " (*Matter of Malloy,* 278 N. Y. 429, 432), it "may properly decline to take cognizance of a matter over which the Surrogates' Court has concurrent jurisdiction " where " the jurisdiction of the Surrogates' Court has already been invoked " (*Ludwig* v. *Bungart,* 48 App. Div. 613, 615–616, per W. BARTLETT, J.).

Here, concededly, the jurisdiction of the Surrogate's Court has been invoked. The probate proceeding held therein has resulted in a decree admitting the will and the codicils to probate. It would seem, therefore, that the defect in the proceedings, arising from the failure to cite Luis Franke, should be remedied therein (cf. *Matter of Andrews,* 172 Misc. 373, 374). Orderly procedure would seem to require a re-probate of the will for the purpose of permitting the proponent to remedy the defect in the original proceeding (see *Matter of Johnson,* 105 Misc. 451, 457; *Matter of Clarke,* 144 Misc. 705, 707, *supra; Matter of Benjamin Altman,* 115 Misc. 476, 481, *supra; Matter of Sanderson,* 157 Misc. 473, 474, *supra;* Harris' Estates Practice Guide, § 256; Butler on Surrogate Law and Practice, §§ 835–837; Jessup-Redfield on Law and Practice in Surrogate's Court, §§ 203, 207, 227, 234).

Accordingly, an interlocutory judgment may be entered herein settling the account of the trustees and determining that the settlor has validly exercised the power of appointment reserved under the trust indenture. Decision on the distribution of the trust property will be reserved until after the determination of the re-probate proceeding. Settle judgment.