No. 37,996

STATE OF KANSAS, *Appellant*, v. RONALD PAUL (BUCK) SUMNER, *Appellee.*

(219 P. 2d 438)

Opinion filed June 10, 1950.

*Carl C. Chase,* of Eureka, argued the cause, and *George S. Reynolds,* county attorney, and *Leonard A. Milligan,* of Eureka, were with him on the briefs for the appellant.

*Thomas C. Forbes,* of Eureka, argued the cause, and *Harold G. Forbes,* of Eureka, and *Patrick J. Warnick,* of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The state appeals from an order quashing count three of a complaint filed under the new Kansas liquor control act. (Chapter 242, Laws 1949.)

Count three charged the defendant, Ronald Paul (Buck) Sumner, with unlawfully and willfully having and keeping in his possession on May 11, 1949, alcoholic liquor in an amount exceeding one case (three wine gallons) upon which the tax imposed by the Kansas liquor control act had not been paid and upon the containers of which each mark and stamp required by the act had not been affixed.

Defendant was convicted in the county court of Greenwood county and appealed to the district court. It appears no information had been filed in the latter court. The motion to quash was directed against the original complaint on the ground it failed to state facts sufficient to constitute a cause of action against the defendant and the facts alleged therein did not constitute a violation of the laws of this state.

The validity of the court's ruling depends on the proper interpretation of certain sections of the new liquor control act. The pertinent portion of section 4 of that act reads:

"No person shall . . . possess any alcoholic liquor for beverage purposes, except as specifically provided in this act: *Provided,* That nothing contained in *this act shall prevent:* (1) The possession and transportation of alcoholic liquor for the personal use of the possessor, his family and guests except that the provisions of section 112 of this act *relating to transportation and the provisions of section 50 of this act shall be applicable to all persons.* . . ." (Our italics.)

The pertinent portion of section 50 provides:

"*It shall be unlawful* for any person (1) to evade, or attempt to evade, the payment of tax or duty on any such alcoholic liquor, in any manner whatever, and . . . (2) *to have in his possession* any cask or package of such liquor, without having thereon each mark and stamp required therefor by law; and such cask or package not having the mark or stamp as aforesaid, shall be forfeited to the state of Kansas . . . *Provided,* That nothing contained in this section shall make it unlawful for any person to possess or transport not to exceed two quarts of alcoholic liquor for the personal use of the possessor, his family and guests upon which the tax imposed by this

act has not been·paid or on the containers of which each mark and stamp required by this act has not been affixed: *Provided further,* That until thirty (30) days after the governor shall issue the proclamation provided for by section 112 of this act, nothing contained in this section shall make it unlawful for any person to possess or transport *not to exceed one case (three wine gallons) of alcoholic liquor* for the personal use of the possessor, his family and guests upon which such tax has not been paid or on the containers of which have not been affixed such marks and stamps. Any person who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor. . . ." (Our italics.)

The pertinent part of section 112 states:

"Upon the taking effect of this act, the possession and transportation of alcoholic liquor for personal use only shall be legal: *Provided,* That until such time as the governor shall issue a proclamation declaring that the tax and licensing provisions of this act are in full operation and being administered by the director which proclamation shall be issued by the governor on or before July 1, 1949, it shall be unlawful for any person *to transport more than one case* (three wine gallons) of alcoholic liquor at any one time for any use or purpose whatsoever. . . ." (Our italics.)

The new law became effective March 9, 1949. The complaint charged the offense was committed May 11, 1949. As provided in section 112 the governor had until July 1, 1949, to issue his proclamation declaring the *tax and licensing provisions* of the act were in full operation and were being administered by the director. The governor's proclamation was issued June 6, 1949.

In quashing count three the trial court indicated the theory upon which it did so. In commenting on its decision the trial court appears to have placed particular emphasis on section 112. It said:

"That Section of the Statute says it is legal to possess liquor. Possession and transportation for personal use only shall be legal. It makes no reference whatever to the three wine gallons except as to the transportation of three wine gallons. To me that would indicate that he could make a dozen trips to Missouri if he wanted to if he didn't haul more than three gallons at one time."

The issue here pertains solely to possession and not to transportation. It may be conceded the act is not a model of clarity. It is true the first sentence of section 112, standing alone, would indicate the possession of alcoholic liquor was legal after the effective date of the act, March 9, 1949. It is also true that sentence, standing alone, contains no limitation or restriction relative to the quantity of alcoholic liquor a person might possess on May 11, 1949, for the personal use of himself, his family and guests. That the act was

intended to ultimately make possession for personal use legal is not questioned by either party to this action.

The precise question presented here, however, is not what quantity of alcoholic liquor a person might possess for the personal use of himself, his family and guests after the governor's proclamation became operative but what quantity he might possess for such use *before* the governor's proclamation became effective, that is, *before* the tax and licensing provisions of the act were in force and effect.

Before leaving section 112 of the act we pause to note that particular section prohibited *the transportation* of more than one case (three wine gallons) for any purpose until the governor's proclamation was issued. In the instant case, as previously stated, we are not concerned with the subject of transportation but only with possession.

We now turn to section 4 of the act as that appears to be the proper starting point for determining the precise question before us. It will be noted that section starts with a direct prohibition of the right to possess alcoholic liquor for beverage purposes. It then qualifies that prohibition by a proviso which in effect says nothing contained in the act shall prevent possession of alcoholic liquor for personal use, *except* that the provisions of section 50 shall be applicable to all persons.

What is the provision of section 50, if any, with respect to possession? Since the charge here is not that appellee had possession of more than two quarts but more than one case of alcoholic liquor we need not determine whether the *first* proviso of section 50 is applicable. The *second* proviso of that section pertains to possession of more than one case. The second proviso, in effect, states that until thirty days after the governor shall issue his proclamation nothing contained in section 50 shall make it unlawful for any person to possess ". . . *not to exceed one case (three wine gallons) of alcoholic liquor* for the personal use of the possessor. . . ." etc., upon which the tax has not been paid or on the containers of which the stamps have not been affixed. (Our italics.)

Although it is true, as appellee contends, the last quoted portion of section 50 alone does not affirmatively state it shall be *unlawful* for one to possess for the personal use of himself, his family and guests more than one case (three wine gallons) during such period, we think that was the legislative intent. Unless the proviso is so construed then it, the first part of section 50, to wit, "It shall be

unlawful . . ." and the first part of section 4, to wit, "No person shall . . . possess . . .," etc., are all rendered entirely meaningless.

In order to ascertain the legislative intent courts are not permitted to consider some one isolated part of an act but are required to consider and construe together all parts thereof *in pari materia*. (*Rausch v. Hill,* 164 Kan. 505, 190 P. 2d 357.)

It is the duty of courts to reconcile various provisions of an act in order to make them consistent, harmonious and sensible if that can be done without doing violence to plain provisions therein contained. (*Iola B. & L. Ass'n v. Allen County Comm'rs,* 152 Kan. 365, 103 P. 2d 788; *Rausch v. Hill,* supra.)

When the interpretation of a statute according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the statute should be construed according to its spirit and reason, disregarding so far as may be necessary, the strict letter of the law. (*Clark v. Murray,* 141 Kan. 533, 41 P. 2d 1042.) The same rule, of course, applies to various sections of the same act.

Studious analysis of all pertinent provisions of the 1949 liquor control act convinces us the legislature intended to limit, as therein indicated, the quantity of untaxed and unstamped alcoholic liquor which might be possessed by any person for the personal use of himself, his family and guests between the effective date of the act and thirty days after the issuance of the governor's proclamation. We, therefore, conclude count three states an offense under the new act.

Appellant directs our attention to the large stock of liquor found in appellee's possession on May 11, 1949. While that fact may tend to show appellee intended to make other than personal use of the liquor we are not now concerned with evidence which might support some other charge but only with the sufficiency of the complaint to charge an offense of unlawful possession on the designated date.

The judgment of the district court is reversed and the action remanded with directions to set aside the order quashing count three of the complaint.