No. 43,291

JOHN W. DAMON, *Appellant*, v. SMITH COUNTY, KANSAS, *Appellee*.

(382 P. 2d 311)

Opinion filed June 8, 1963.

*William H. Stowell* and *Doris Dixon Stowell*, both of Phillipsburg were on the briefs for the appellant.

*A. W. Relihan, T. D. Relihan* and *Terry E. Relihan*, all of Smith Center, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This action, commenced on January 25, 1962, was instituted under the provisions of G. S. 1961 Supp., 44-512a (effective June 30, 1961), in an effort to obtain a lump sum judgment for alleged unpaid payments of a partially paid award in a workmen's compensation case. The plaintiff, John W. Damon (hereinafter referred to as appellant), appeals from an order and judgment of the district court sustaining a demurrer to his petition and his amended petition, based on the ground such pleadings failed to state facts sufficient to constitute a cause of action against the defendant, Smith County (hereinafter referred to as appellee).

The facts required for a proper understanding and decision of the appellate issue presented, as we glean them from an unsatisfactory record of the petition and amended petition, will be highly summarized in accord with our view of their import.

On May 9, 1958, appellant, while employed by appellee, was injured. A subsequent workmen's compensation proceeding followed in which the Commissioner (now Director), on October 31, 1958, granted appellant an award for not to exceed 415 weeks of temporary total disability at $34 per week, subject to review and modification. Appellee complied with the award and made payments to appellant until May 5, 1959, on which date he went back to work for appellee and continued in its employ until June 15, 1960, when he ceased working. During the period of time last mentioned appellant received the same wages he had received before his injury. However, during such period appellee discontinued weekly compensation payments.

On May 11, 1961, appellant served appellee with a written demand for all unpaid and past due compensation, including the unpaid compensation which accrued over the thirteen months he was back to work. So far as here pertinent the demand served on that date read:

"The undersigned does hereby respectfully make demand for all due compensation, *and demand is also made for payment of all future installments when due.*" (Emphasis supplied.)

Appellee complied with the foregoing demand and within fourteen days from the date thereof, as authorized and permitted by the then existing provisions of G. S. 1949, 44-512a, paid all past due payments of compensation in a lump sum, amounting to $3,740.

This payment brought the award payments to current status and forward to June 12, 1961.

A weekly payment of $34 was due and payable on June 19, 1961. It was paid but not within time.

Sometime later in 1961 application for modification of the award was made and, on December 29, 1961, pursuant to the hearing for such modification, a Workmen's Compensation Examiner made a finding that appellant then suffered only sixty per cent permanent general disability and ordered payments under the award to be made at a weekly rate of $21.38 instead of $34. Thereupon appellee began paying appellant $21.38 weekly. Later, and on January 26, 1962, the Compensation Director refused to sustain the Examiner's findings and entered an order directing payments to be made at $34 per week and also ordered payments, which had theretofore been made at $21.38, brought up to the full weekly payment of $34. Appellee complied with the Director's order and brought up the payments to $34 per week. Since that date it has continued making payments on the award at such weekly rate.

Supplementing the foregoing factual statement it should be said that, at the time of the trial court's ruling on the demurrer, the allegations of appellant's petition and the amendments thereto (1) charged appellee with default in payment of compensation payments which became due on June 19, 1961, January 8, 1962, January 15, 1962, and January 22, 1962; (2) disclosed that appellant was basing his right to maintain the action for a lump sum judgment on the heretofore quoted written demand for past due payments of the award which he had served on appellee on May 11, 1961, notwithstanding the fact that appellee had complied with the terms of such demand to the extent of paying all compensation payments past due under the terms of the award within the period of time allowed by the then existing statute (G. S. 1949, 44-512a); (3) admitted the date of such demand precedes the dates of the default payments relied on as affording grounds for a lump sum judgment under the provisions of Laws of 1961, Chapter 243, Section 2, now G. S. 1961 Supp., 44-512a; and (4) conceded that such demand was the only written demand ever made and served upon appellee for compensation claimed to be due and unpaid under the terms of the existing compensation award.

That the all-decisive issue involved in this appeal requires a construction of the provisions of G. S. 1961 Supp., 44-512a, authorizing

a lump sum judgment for the entire amount of a compensation award under conditions and circumstances therein prescribed, appears from appellant's brief which reads:

"Statement of the Question Involved:

"Where the workman gives his employer written demand under the provisions of 44-512a for the payment of all due compensation, *and demand is also made in the same demand letter for payment of all future installments when due,* has the notice provision of the statute been complied with so that on later failure of the employer to pay any weekly installments on or before the date due, the employee may file and secure judgment for the entire amount of the compensation awarded?"

The pertinent provisions of G. S. 1961 Supp., 44-512a, so far as they relate to the foregoing decisive question, as stated by appellant, read:

"That if any compensation awarded, agreed upon or adjudged under the provisions of the workmen's compensation act of this state or any installment thereof shall not be paid to the employee or other person entitled thereto when due, and service of written demand for payment has been made personally or by registered mail on the person, firm or corporation liable to pay the same . . ., *payment of said demand is thereafter either refused or not made within twenty (20) days* [two weeks under the provisions of G. S. 1949, 44-512a] *from the date of service of said demand,* then the entire amount of compensation awarded, agreed upon or adjudged shall become immediately due and payable and said employee or other person entitled to said compensation may maintain an action in any court of competent jurisdiction for the collection thereof in like manner as for the collection of a debt. . . ." (Emphasis supplied.)

At the outset it should be stated it cannot be denied that when appellee complied with the provisions of 44-512a by making the payment which brought past due payments of the award to current status, and forward to June 12, 1961, appellant no longer had the right to maintain a lump sum action under the provisions of such section of the statute for collection of the entire award on the basis of nonpayment of past due installments. Moreover, it is clear that at that time the written demand, so far as it was based on unpaid past due installments under the terms of the award, had lost its force and effect for the obvious reason there were no longer any installments due or past due under the terms of the award. Nonetheless impliedly, if not expressly, conceding the correctness of what has just been stated, appellant contends that even though his written demand of May 11, 1961, preceded the dates of the alleged due and unpaid installments of the award on which he now seeks to invoke the provisions of 44-512a, he can now rely on such written demand

as one of the prerequisites required to maintain the instant action because he originally included therein the phrase "and demand is also made for payment of all future installments when due."

Boiled down, without citing any authorities which sustain his position, the essence of all contentions advanced by appellant is that the written demand required to invoke the provisions of 44-512a, need not be based entirely on presently existing due and unpaid installments of the award at the time it is served on an employer. In other words his position is that, as directly applied to the facts of this case, he could maintain the instant action under 44-512a, without serving the appellee with a second written demand.

Based on inferences to be drawn from what is said and held in our decisions, which deal with the force and effect to be given the provisions of 44-512a, we are inclined to the view that appellant's position on the point now under consideration lacks merit and cannot be upheld.

See *Owen v. Ready Made Buidings, Inc.,* 180 Kan. 286, 303 P. 2d 168, where it is held:

"Under G. S. 1949, 44-512a, a failure to pay within two weeks after written demand, any part of the compensation awarded when due, or any installment thereof including medical expenses, makes the entire amount of compensation awarded immediately due and payable, and authorizes the workman to maintain an action for the recovery of the entire amount of compensation award." (Syl. ¶ 3.)

And in the opinion said:

"It is apparent that the purpose of the mentioned statute was to secure prompt payment to the workman or to his benefit, as provided in the award. *Ellis v. Kroger Grocery Co.,* supra, was a similar case, and the mentioned statute and its effectiveness was thoroughly analyzed. We held that section 44-512a did not disturb the employer's vested right to pay the installments according to the terms of the previous judgment if the employer complied therewith. *It provided only for the maturity of all future installments in the event the employer failed to pay the installments already due within two weeks after statutory demand was made for their payment.* . . ." (pp. 289, 290.) (Emphasis supplied.)

See, also, *Fleming v. National Cash Register Co.,* 188 Kan. 571, 363 P. 2d 432, which holds:

"Under G. S. 1949, 44-512a, a failure to pay within two weeks after written demand any part of the compensation awarded or any installment thereof when due makes the entire amount of compensation immediately due and payable, and the workman or any party entitled thereto may maintain an action for the recovery of the entire amount. . . ." (Syl. ¶ 7.)

And states:

"As stated, the plaintiff, on July 27, 1959, *served her written demand for payment of the amount due* under the award of the commissioner. Defendants, on July 30, acknowledged receipt of the demand and refused payment. The two weeks after service of plaintiff's demand as provided by statute expired August 10, 1959, at which time the entire amount of the award became due and payable and constituted a debt against defendants. Plaintiff was therefore entitled to maintain an action to recover the amount due as for the collection of a debt, . . ." (p. 577.) (Emphasis supplied.)

And see *Miller v. Massman Construction Co.,* 171 Kan. 713, 237 P. 2d 373, where it is said:

"A careful search of the entire record shows that Miller, to whom compensation was due from Massman, partly in accumulated unpaid installments and partly in installments to come due in the future, *made proper demand for the accumulated unpaid compensation as provided by G. S. 1949 44-512a,* and that Massman failed within the requisite period of two weeks from service of the demand to make payment, thereby subjecting itself to the provision of the statute making the entire award immediately due. The statute may be rigorous, but it is possible to comply with its terms. Massman did not do so. . . ." (pp. 721, 722.) (Emphasis supplied.)

Nothing would be gained by prolonging this opinion. It suffices to say that, after careful consideration of the provisions of 44-512a, we are convinced its language compels the conclusion that, under the confronting facts, conditions, and circumstances of record, as herein fully related, appellant was required to serve a second written demand on appellee for the alleged default in payment of compensation payments falling due on the dates set forth in the petition before he could maintain the instant action for a lump sum judgment; that service of such written demand was a condition precedent to the right to maintain such action; that the petition shows on its fact that no such demand was served and for that reason failed to state a cause of action for the relief sought; and that to hold otherwise would do away with and make meaningless the provisions of 44-512a, as heretofore quoted—particularly the provisions therein underlined for purposes of emphasis.

What has been heretofore stated and held compels a conclusion the trial court's action in sustaining the appellee's demurrer to the petition and the amended petition was proper and must be upheld.

Since the foregoing disposes of this lawsuit other matters presented in the briefs, although carefully considered, require no comment.

The judgment is affirmed.