No. 45,360

ROBERT G. HUNTER, Claimant, *Appellee,* v. GENERAL MOTORS COR-PORATION, Respondent and Self-Insurer, *Appellant.*

(446 P. 2d 838)

Opinion filed November 9, 1968.

*Paul Scott Kelly,* of Kansas City, Missouri, argued the cause, and *Richard B. McKelvey,* also of Kansas City, Missouri, *Bill E. Fabian* and *Thomas M. Van Cleave, Jr.,* of Kansas City, Kansas, were with him on the brief for the appellant.

*James P. Lugar,* of Kansas City, argued the cause and *Samuel J. Wells,* also of Kansas City, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This appeal is from an award of compensation entered in favor of the claimant, Robert G. Hunter, in the District Court of Wyandotte County, Kansas.

On November 10, 1967, the workmen's compensation examiner entered an award in favor of the claimant based on a 50% permanent partial loss of use of his right arm, or $42 per week for a period of 105 weeks. The compensation then due and owing, in the sum of $3,360, was ordered paid forthwith and the balance ordered paid at $42 per week. This award was approved by the director on November 24, 1967. Four days later, on November 28, 1967, the claimant filed notice of appeal from the director's award. On the same date, the claimant's counsel addressed and mailed the following letter to the respondent's lawyer:

"Mr. Paul Scott Kelly
Attorney at Law
831 Scarritt Building
Kansas City, Kansas
IN RE: Robert Hunter vs. General Motors Corp.
    Docket No. 55,278
Dear Sir:
    More than ten days have elapsed since an award was entered by the Examiner, Simeon Webb, and said order has now been adopted by and has become the Order of the Workmen's Compensation Director. We therefore hereby make a demand for the payments due and owing under this award up to the present time.
                                        Very truly yours,
                                        /s/   Samuel J. Wells"

No reply was made to this demand until December 21, 1967, when the following letter was dispatched by Mr. Kelly to Mr. Wells:

"Dear Mr. Wells:
    Pursuant to your demand of November 28, 1967, we submit herewith GM Assembly Division check C83202 in the amount of $4,410.00 in full payment and satisfaction of compensation benefits due the claimant under

the award of Simeon Webb, Examiner, dated November 10, 1967, which award was approved by the Workmen's Compensation Director on November 12, (sic) 1967.

Also enclosed are the original and two copies of a receipt for the payment of this compensation which we would appreciate your having executed and returned to us.

Very truly yours,"

Following the receipt of this letter, Mr. Wells called Mr. Kelly and asked him to take the check back and give him a check for the correct amount, but Kelly said they couldn't do that. On December 29, 1967, the claimant filed a motion praying for an order allowing him to pay the check into court, lest his acceptance of the money render his appeal moot and deprive him of his right of appeal, and asking for a further order directing the clerk of the court to pay from the deposit the amount normally due under the director's award and to hold the remainder until further order. In the alternative, the claimant asked for a finding that should he negotiate the check it would not constitute acquiescence in a full and complete settlement for $4,410.

On January 3, 1968, the respondent, General Motors Corporation, which in the meantime had also appealed from the director's award, filed a motion to dismiss the claimant's appeal on the ground that he had acquiesced in the director's award. On January 11, 1968, a hearing was held on the claimant's appeal and on the respondent's cross-appeal, and on February 13, 1968, the district court found that the claimant had sustained a general permanent bodily disability of 25% and entered an award of compensation in claimant's favor for 415 weeks at the rate of $21.97 per week for a total sum of $9,117.55. At this time the court overruled the General Motors' motion to dismiss the claimant's appeal.

The trial court also found that "the tendered payment by the respondent was not in response to any proper demand and was paid voluntarily," and thereupon ordered "that this check in the amount of $4410 shall be applied on the above award." Further findings were made that claimant did not acquiesce in the original award; that the check was never negotiated; and that claimant had moved to have the check paid into court which showed "his intention not to acquiesce in the award." On February 15, 1968, two days after the district court award was made, the $4,410 check was negotiated by the claimant, and its proceeds retained by him.

The respondent prosecutes this appeal primarily on the theory

that the claimant had acquiesced in the director's award and was thereby precluded from maintaining an appeal to district court. Acquiescence on claimant's part is shown, according to the respondent's argument, first by the dispatch of the letter of November 28, demanding the payments due and payable under the director's award up to that date; second, by claimant's failure to return the $4,410 check sent to Mr. Wells in response to claimant's demand; and third by claimant's negotiation of the $4,410 check after the district court had entered its award.

To support his thesis, the respondent contends that the claimant's demand of November 28 was made pursuant to K. S. A. 44-512a, and was inconsistent with his action in filing an appeal from the award on the same date. K. S. A. 44-512a provides in substance that if compensation awarded a workman is not paid when due and if demand therefore is served personally or by registered mail on the person, firm, or corporation liable for its payment and on his or its attorney of record, a refusal to make the payment demanded within twenty days after service thereof shall make the entire award immediately due and payable, and that an action thereon can be maintained as for collection of a debt.

On the other hand, the claimant maintains that his demand was made, not under 44-512a, but pursuant to K. S. A. 1967 Supp. 44-556, the appeal statute. This statute substantially provides, so far as this lawsuit is concerned, that an appeal may be taken from an award of the director by filing a notice of appeal with the director within twenty days after the award has been made and filed, and that no compensation shall be due or payable until the expiration of such twenty-day appeal period.

It cannot truthfully be said that the letter penned by Mr. Wells on behalf of his client is entirely unambiguous. It does not fully comply with 44-512a since it was not served on the respondent's counsel, either in person or by registered mail, nor was it served on the respondent at all. Neither was the demand appropriate or effective under 44-556, inasmuch as it was made within the twenty-day period during which, by virtue of the statute, compensation was not due or payable. What may have prompted claimant's counsel to formulate such an untimely and ill-conceived demand is utterly beyond our ken.

But we are not required to determine which, if either, statute the ill-designed demand most nearly fits. The trial court found

that the respondent's check was not tendered pursuant to *any proper demand*, but was paid voluntarily. In the face of this record we are forced to conclude this finding was correct. Speculation as to what might have been the result of an effective demand under 44-512a would, accordingly, be only an exercise in futility.

The respondent argues that claimant's demand clearly was not made under 44-556 because, under that statute, it would have been premature, twenty days not having elapsed from the date of the director's award. While we agree that demand would be premature under K. S. A. 1967 Supp. 44-556, it would be equally premature under K. S. A. 44-512a. No payments of compensation were due and payable on November 28, 1967, when Wells sent his ill-fated letter, and the demand contained therein was ineffectual under either statute.

We find considerable analogy between the situation which confronts us here and the circumstances which were present and considered by us in *Harper v. Coffey Grain Co.*, 192 Kan. 462, 388 P. 2d 607, and *Cramer v. Blankenship Painting & Decorating Co.*, 197 Kan. 360, 416 P. 2d 255. The gist of those decisions, so far as the instant question is concerned, is that a demand made under 44-512a is premature and ineffectual if it be made within the ten-day period during which a review of the examiner's award may be requested or, where a review is requested, if the demand is made prior to the director's determination of such review.

Although in the present action the director had made a determination of the review and his decision had been filed, the claimant's demand was made within the twenty-day period in which an appeal could be taken to district court and during which, by the terms of the statute (44-556), no compensation was due or payable. Under these conditions, the 44-512a demand was, as we said in Harper, "premature and ineffectual to authorize an action for a lump sum judgment." (p. 469.)

The respondent next contends that the claimant's retention of the $4,410 check constituted acquiescence in the award. The district court, however, found to the contrary, and we believe its determination is well supported. Upon receiving the check, claimant's counsel offered to return the same, provided the respondent would "give us a check for the correct amount." (The evidence showed that approximately $3,360 had accrued on the director's award at that time.) When Mr. Kelly declined counsel's offer, the

respondent's check was not cashed, but a motion was filed asking that the check be ordered into court; that the clerk pay claimant therefrom the amount which had accumulated on the director's award; and that the balance be held for further order.

These facts were said by the trial court to evidence an intent not to acquiesce, and we are constrained to agree in this conclusion. The finding of the trial court, being supported by substantial evidence, will not be disturbed on appeal. (*Jibben v. Post & Brown Well Service*, 199 Kan. 793, 433 P. 2d 467.)

It is argued that claimant's acquiescence in the award of the director is established by his negotiation of the General Motors' check after the district court had entered its judgment. This argument is entirely lacking in merit. An appeal from an award of the director is heard in the district court as a trial *de novo* on the transcript of the proceedings had before the director. In *Landes v. Smith*, 189 Kan. 229, 368 P. 2d 302, we said:

"The district court on appeal considers the matter *de novo* upon the record taken by the Commissioner, it weighs the evidence and is required to consider the case as if it were one of first impression;" (p. 232.)

See, also, *Burk v. American Dist. Tel. Co.*, 160 Kan. 519, 163 P. 2d 402; *Davis v. Haren & Laughlin Construction Co.*, 184 Kan. 820, 339 P. 2d 41.

On appeal from the director's award pursuant to K. S. A. 1965 Supp. 44-556, the district court has jurisdiction to grant or refuse compensation or to increase or diminish any award made by the director. Whatever award is made by the district court on appeal is a judgment. In *Teague v. George*, 188 Kan. 809, 365 P. 2d 1087, this court said:

"[The district] court considers and passes upon both the law and the facts and makes its findings and conclusions and renders a judgment." (p. 812.)

When the district court entered its judgment awarding compensation in this case, the force and validity of the director's award was spent. Thereafter there was no director's award in which the claimant could acquiesce; that award had been superceded by the judgment of the district court.

We conclude that the claimant was not precluded from prosecuting an appeal from the director's order because of acquiescence. Nor do we agree that the appeal became moot, as the respondent contends, either on the ground of acquiescence or on the ground of a settlement between the parties. Ill-phrased though it was, the

claimant's demand was not for the full amount of the director's award but only for so much as was, at the time, due and payable. We may assume, from what is shown in the briefs and record, that the amount "due and payable" to which the demand referred was the $3,360 which had accrued on the director's award. Under such circumstances, the response of General Motors in sending a check for $4,410 (being the entire amount of the award), may not be construed as a satisfaction of the demand or as constituting a settlement binding on the claimant. Especially is this true in view of claimant's offer to exchange the check for one of proper amount and his subsequent tender into court.

Further time need not be spent on the issues of acquiescence or mootness. The respondent's final claim of error is simply this: that the district court had no authority to order the $4,410 check applied in its entirety to the payment of claimant's award when less than that amount had accrued thereon.

In connection with this contention, the claimant freely admits that the check was cashed on February 15 and all its proceeds were retained. It was further conceded upon oral argument that the proceeds of the check, $4,410 in all, was not only more than sufficient to pay all installments due at the time of the district court's award, but that the amount was sufficient to cover all of the payments accrued to September 24, 1968, when the case was argued, and for a considerable length of time thereafter.

The court's action is somewhat ambiguous, merely ordering that "this check in the amount of $4410 shall be applied on the above award." If the court thereby intended, only, that so much of the check be applied to the award as would satisfy the payments of compensation already accrued (which the respondent has computed as amounting to $2,065.81 on February 13, 1968) we believe the order lay fairly within the court's inherent power. But the same cannot be said if the order contemplated that the proceeds of the check be applied, also, to payments not yet due the claimant, and such is the interpretation claimant has given the order by his negotiation of the check and his retention of its entire proceeds.

This court has often held that the Workmen's Compensation Act is complete within itself and provides its own procedures. (*Russell v. Lamoreaux Homes, Inc.,* 198 Kan. 447, 424 P. 2d 561.) The practical effect of the district court's order as it has been interpreted by claimant, and as we now must view it, was to accelerate

the payment of a substantial part of the award which on February 13, 1968, was neither due nor payable. We can find no provisions within the Act for the acceleration of prospective compensation payments in such an informal, if not high handed, manner.

The district court does not occupy the status of a paymaster. Procedures for the enforcement of compensation due are set out within the Act. In *Tompkins v. Rinner Construction Co.*, 196 Kan. 244, 409 P. 2d 1001, we said:

"The workmen's compensation act establishes a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and *enforcing* it, which procedure is complete and exclusive in itself. (Citing cases.)" (Emphasis added.) (p. 247.)

Moreover we have held that the district court's award of compensation is a judgment which may be enforced by execution. (*Lenon v. Standard Oil Co.*, 134 Kan. 289, 5 P. 2d 853; *Paul v. Skelly Oil Co.*, 134 Kan. 636, 7 P. 2d 73.)

We hold that so much of the order of the district court as would apply the respondent's check to the payment of installments of compensation coming due in the future was beyond the court's jurisdiction to make and that it was entered erroneously and must be set aside.

There remains the sticky problem of what form our judgment is to take in this regard. The claimant takes the position that he cannot be compelled to make restitution of any amount he may have appropriated to himself under the court's void order, citing *Tompkins v. Rinner Construction Co.*, supra. Assuming, without deciding, that our decision in Tompkins precludes us from directing the trial court to compel restitution of any part of the proceeds obtained from the General Motors' check, the respondent is not wholly bereft of remedy.

In its brief, the respondent submits that the compensation awarded by the court should be adjudged to be fully paid up until the total weekly compensation due under the court's, judgment totals the sum of $4,410. We believe the respondent is entitled to such relief, as being both appropriate and just, and that the judgment of the district court entered on February 13, 1968, should be modified in such respect.

Modification of the award in this regard will relieve the respondent from the harassment to which it has been subjected through the medium of legal proceedings initiated after judgment

was entered. Despite the fact that the check cashed by the claimant was more than ample to pay all installments of compensation falling due from February 13 to the date of this opinion, the claimant has persisted in attempts to collect even more. To this end he has instituted both contempt and garnishment proceedings, in addition to making a written demand for payment specifically tied, in this instance, to K. S. A. 44-512a. The institution of these proceedings can be characterized only as vexatious in nature, reflecting no credit on either the claimant or his counsel. Members of the legal profession, especially, should eschew conduct of this character. The obnoxious proceedings should be terminated at once.

That part of the judgment of the court below which awards compensation to the claimant is affirmed and this cause is remanded with directions to the trial court to modify the remainder of its judgment in accordance with the views expressed in this opinion.