No. 46,075

Daniel L. Hallmark, *Appellant*, v. Dalton Construction Company and Aetna Insurance Company, *Appellees.*

(476 P. 2d 221)

Opinion filed November 7, 1970.

*Eugene C. Riling,* of Riling, Riling, and Burkhead, of Lawrence, argued the cause and was on the brief for appellant.

*David R. Hills,* of Kansas City, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

Fatzer, J.: This was an action to recover a workmen's compensation lump-sum judgment pursuant to K. S. A. 44-512a. The appeal is from the district court's order sustaining the respondent-employer and its insurance carrier's motion to dismiss the action. The employer and its insurance carrier are referred to as the respondents.

The facts are not in dispute. On August 16, 1969, the examiner entered a workmen's compensation award in favor of the claimant. Thereafter, the respondents made timely written request to the director of workmen's compensation for review of the award pursuant to K. S. A. 1969 Supp. 44-551.

On November 13, 1969, the director entered his order approving the examiner's award and filed the same in his office. In addition

to the payment of medical expense, the award directed payment of temporary total disability at the rate of $49 per week for 415 weeks in the amount of $20,335. The director found that as of August 16, 1969, the claimant was entitled to 65 weeks of compensation at the rate of $49 per week in the amount of $3,185 of which $1,568 had been paid leaving a balance of $1,617 due and owing, which was ordered paid in one lump sum. The remaining compensation in the amount of $17,150 was ordered paid at the rate of $49 per week for 350 weeks, or until the further order of the director.

Six days later, and on November 19, 1969, the respondents perfected an appeal to the district court of Douglas County from the director's award of compensation in favor of the claimant.

On the following day, November 20, 1969, the claimant served a statutory demand upon the respondents pursuant to 44-512a for payment of all due and unpaid weekly compensation benefits and for all unpaid medical expenses then due and unpaid.

The respondents last paid compensation to the claimant on October 5, 1969, and they failed to comply with the claimant's statutory demand to pay the portion of compensation due under the award for the ten-week period preceding the director's award.

On December 10, 1969, the claimant commenced this action to recover the entire amount of compensation and medical expenses awarded, less any payment previously made to him.

Thereafter, the respondents filed a motion to dismiss the action. On March 3, 1970, the district court entered its order sustaining the motion,

". . . [i]nasmuch as no payments were due at the time Claimant's demand was served, such demand was as has been held: 'premature and ineffectual to authorize an action for a lump sum judgment.' (See: Hunter v. General Motors Corporation, 202 K. 166, at 170.)"

The sole question presented is whether a statutory demand for payment of compensation served upon the respondents after they perfected an appeal to the district court pursuant to K. S. A. 1969 Supp. 44-556, and within twenty days after the director made and filed his award, is premature and ineffectual to authorize an action under the provisions of 44-512a. In other words, was compensation awarded the claimant due and payable under 44-556 when he served his statutory demand upon the respondents on November 20, 1969?

For reasons hereafter stated, we conclude no compensation was due or payable under the director's award when the claimant served his statutory demand.

Section 44-512a has been construed and applied by this court in many cases. In *Casebeer v. Alliance Mutual Casualty Co.*, 203 Kan. 425, 454 P. 2d 511, the statute's purpose and effect were stated. In the opinion it was said:

". . . Without deviation, it has been held that if any compensation awarded shall not be paid when due, then, following service of the written demand provided for, continued nonpayment for twenty days thereafter accelerates the entire amount of compensation awarded, which immediately becomes due and payable, and the person entitled thereto may maintain an action to recover the specific amount in like manner as for the collection of a debt . . ." (l. c. 431.)

A statutory demand under 44-512a can only be effective for compensation awarded the claimant then due and unpaid. (*Damon v. Smith County*, 191 Kan. 564, 382 P. 2d 311.) When payment of compensation is not delinquent, either under the provisions of 44-556, or by reason of payment or tender of payment on the part of the employer or his insurance carrier, there can be no valid statutory demand upon which to predicate a 44-512a action.

K. S. A. 1969 Supp. 44-556 provides in part that an appeal to the district court may be taken by any party to the proceeding within twenty days after the director files his award, and in addition provides:

". . . That no compensation shall be due or payable until the expiration of such twenty (20) day period and then the payment of past due compensation awarded by the director shall not be payable, if within such twenty (20) day period notice of appeal to the district court has been filed and the right to appeal shall include the right to make no payments of such compensation until the appeal has been decided by the district court if the employer is insured for workmen's compensation liability with an insurance company authorized to do business in this state or, if the employer is a self-insurer, and has filed a bond with the district court in accordance with K. S. A. 44-530: *Provided, however*, That the perfection of an appeal to the district court shall not stay the payment of compensation due for the ten-week period next preceding the director's decision, and for the period of time after the director's decision and prior to the decision of the district court in such appeal . . ."

While the statute appears to contain conflicting provisions with respect to the payment of compensation pending an appeal to the district court, its provisions have been construed in our recent cases of *Hunter v. General Motors Corporation*, 202 Kan. 166, 446 P. 2d

838, and *Kissick v. Salina Manufacturing Co., Inc.*, 204 Kan. 849, 466 P. 2d 344. In the *Hunter* case, referring to 44-556, it was said:

". . . This statute substantially provides . . . that an appeal may be taken from an award of the director by filing a notice of appeal with the director within twenty days after the award has been made and filed, and that no compensation shall be due or payable until the expiration of such twenty-day appeal period." (l. c. 169.)

In the *Kissick* case, it was said:

". . . K. S. A. 1969 Supp. 44-556 provides in substance that any party may appeal from the director's decisions, rulings and awards to district court within 20 days after the same have been made and filed, that no compensation shall be due or payable until expiration of such 20-day period, and that past due compensation shall not be payable if within such period notice of appeal has been filed; provided, however, that perfection of the appeal shall not stay payment of compensation due for the period of ten weeks next preceding the director's decision and for the period between the director's decision and the decision of the district court on appeal." (l. c. 851.)

For discussion of the statute see, also, *Scammahorn v. Gibraltar Savings & Loan Assn.*, 195 Kan. 220, 223-225, 404 P. 2d 165.

In the instant case, the statutory demand was served upon the respondents within the twenty-day period after the director filed his award, and the fact it was served after the respondents perfected their appeal to the district court did not accelerate the entire amount of the compensation awarded the claimant. Under the express terms of the statute, no compensation was due or payable for twenty days after the director filed his award, and no valid effectual demand may be made within that time upon which to predicate a 44-512a action. Clearly, the statutory demand was premature and ineffective since it was served within the twenty-day period. In the *Hunter* case, it was held:

"A demand made under K. S. A. 44-512a for payment of compensation awarded by the workmen's compensation director is premature and ineffectual where the same is made within the twenty-day period during which an appeal from the director's award may be taken to district court under the provisions of K. S. A. 1967 Supp. 44-556." (Syl. ¶ 1.)

Under our cases construing the provisions of 44-556, it may be said that for a written demand to be effective under 44-512a it must be served upon the delinquent employer after the expiration of the twenty-day period following the filing of the director's award. (*Hunter v. General Motors Corporation*, supra; *Kissick v. Salina Manufacturing Co., Inc.*, supra.) This is not to say, however, that

pending an appeal to the district court the claimant is without remedy to compel payment of the compensation awarded. The point was covered in the *Kissick* case, and it was said:

"Our conclusion does not leave a claimant without remedy should his employer fail or refuse to pay compensation due pending the appeal. The statute, K. S. A. 1969 Supp. 44-556, clearly directs that an appeal from the director's award shall not stay payment of compensation due for the ten-week period next preceding the director's decision and during pendency of the appeal. If compensation is not paid when due, the workman has been provided with a handy and effective tool to force compliance, namely, the procedure outlined in K. S. A. 44-512a. Use of this statute, in our opinion, is the means by which the legislature intended all compensation due and payable should be enforced, including that which is due pending appeal. In *Griffith v. State Highway Commission of Kansas,* supra, this view finds expression in syllabus 2:

'K. S. A. 44-512a is the declared public policy of the state that compensation awards shall be promptly paid, and is the means selected by the Legislature to insure their enforcement, and applies to all awards or judgments without the slightest qualifications.' (1. c. 855, 856.)"

The district court did not err in dismissing the claimant's action. The judgment is affirmed.

FATZER, J., dissenting: Giving consideration to the purpose of the 1961 amendment to G. S. 1961 Supp. 44-556 (L. 1961, Ch. 243, § 5), (the pertinent provisions here involved being identical to K. S. A. 1969 Supp. 44-556), and looking through form to substance, the purpose of K. S. A. 1969 Supp. 44-556 was to stay the payment of compensation until the employer perfected his appeal to the district court so as to permit that tribunal to determine the validity and amount, if any, of the compensation awarded, but,

". . . the perfection of an appeal to the district court shall not stay the payment of compensation due for the ten-week period next preceding the director's decision, and for the period of time after the director's decision and prior to the decision of the district court in such appeal." (K. S. A. 1969 Supp. 44-556.)

Once the employer's appeal is perfected to the district court, compensation for the ten-week period prior to the director's decision and during the pendency of the appeal is due and payable. Hence, the compensation being due and payable, a demand for payment of the same under K. S. A. 44-512a is proper, and is the method by which the legislature has provided that claimants enforce their rights pending an appeal.

In the instant case, the claimant's demand was served upon

respondents after they perfected their appeal to the district court. Their appeal removed the ban of the statute of nonpayment of compensation. Thereafter, compensation for the ten-week period preceding the director's award was due, and the statutory demand was not premature and ineffective. When the respondents failed to comply with the written demand, the action was properly commenced. I would reverse the judgment of the district court.

KAUL, J., joins in the foregoing dissent.

FONTRON, J., dissenting: I agree with Justices Fatzer and Kaul that the judgment of the district court should be reversed, and desire to elaborate briefly on my reasons for doing so.

First, it should be said, in all candor, that the statute involved in this lawsuit, K. S. A. 44-556 (now K. S. A. 1970 Supp.) would have difficulty in qualifying as a model for lucid legislation. Its present provisions, if literally applied, would largely cancel each other.

The statute deals with appeals. So far as the issue presently before the court is concerned, the forepart of the statute provides in essence that an appeal from the decision of the director to the district court shall be taken by filing written notice of appeal with the director within twenty days after his decision is filed. In 1961 the statute was amended by two provisos, the first of which is to the effect that no compensation shall be due or payable until the expiration of the twenty-day appeal period, and then payment of past-due compensation shall not be payable if within the twenty-day period notice of appeal is filed, and the right to appeal shall include the right to make no payments of compensation until the appeal is decided by the district court, if the employer carries insurance, or is a self-insurer and has filed a bond with the court.

The foregoing proviso would present no major difficulty were it not for subsequent provisions contained in the second proviso of the 1961 amendment, which immediately follows the first, to the effect that perfection of an appeal from the director's decision to the district court shall not stay payment of compensation due for the ten-week period next preceding the director's decision and for the period of time after the director's decision and prior to the district court's determination of the appeal.

This court has never been confronted with the precise problem presented in this case, where the contradictory character of the two provisos is called into question. Here, the employer perfected its appeal six days after filing notice of appeal with the director. One day later the workman made demand under 44-512a for compensation claimed to be due and payable. It will be observed that both the filing of the appeal by the employer and the demand of the workman were effected some two weeks prior to expiration of the twenty-day period within which the employer could have perfected its appeal.

In *Hunter v. General Motors Corporation*, 202 Kan. 166, 446 P. 2d 838, (cited by the court in support of its opinion) the claimant, not the employer, filed notice of appeal with the director four days after the director's decision was filed, and on the same day made demand under 44-512a for compensation allegedly due and owing under the director's award. Under those circumstances this court said the demand under 44-512a was premature and ineffectual. Similar language is found, by way of dicta, in *Kissick v. Salina Manufacturing Co., Inc.*, 204 Kan. 849, 466 P. 2d 344, (also cited by the court as authority) where the workman moved to dismiss the employer's appeal from the director's decision for the reason that the employer had failed to pay compensation alleged to be due and owing.

On a factual basis the present case may be distinguished easily from both *Hunter* and *Kissick*. Here, the employer has appealed— not the workman, as in *Hunter*. Moreover, the action here is to recover past-due compensation under 44-512a; it is not a proceeding to dismiss an appeal for failure to pay past-due compensation, as in *Kissick*.

The court, in its decision, recognizes the import of the first proviso of the 1961 amendment but entirely ignores the second proviso, which is to the effect that the perfection of an appeal to district court shall not stay payment of compensation due for the ten-week period immediately preceding the director's decision and for the period after such decision until the district court determines the appeal. In my opinion the second proviso of the 1961 amendment should be given effect in conjunction with the twenty-day appeal period specified in the first proviso, if that be possible, as I think it is.

Certain rules have become well established in the field of statutory

construction. One of the cardinal principles is that in the interpretation of statutes the legislative intent is to be ascertained and the general policy and purpose underlying them shall be given effect. (See cases in 5 Hatcher's Kansas Digest [Rev. Ed.] Statutes, §§ 71, 73.)

This court has said on more than one occasion that where a statute is susceptible to more than one construction it must be given that construction which, when considered in its entirety, gives expression to its intent and purpose, even though such construction is not within the strict literal interpretation of the act. (*Shumaker v. Kansas State Labor Dept.*, 154 Kan. 418, 118 P. 2d 550; *State v. Sumner*, 169 Kan. 516, 219 P. 2d 438; *Barten v. Turkey Creek Watershed Joint District No. 32*, 200 Kan. 489, 438 P. 2d 732.) We have also held it to be the court's duty to reconcile the different provisions of a statute, insofar as the same is practicable, to make them consistent, harmonious and sensible. (*State ex rel., v. Moore*, 154 Kan. 193, 117 P. 2d 598; *Harris v. Shanahan*, 192 Kan. 629, 390 P. 2d 772.)

As I read the two provisos, and construing them in relation to each other, I cannot escape the conviction that they were enacted with two objectives in mind: First, to give an employer in a workmen's compensation action a sufficient period of time, defined as being 20 days, in which to perfect an appeal from the director's decision without becoming subject to the hazard of a valid 44-512a motion being served upon him for past-due compensation; and second, that from and after the date on which the employer perfects his appeal, even though that date be prior to the expiration of the twenty-day period, the statutory purpose of the twenty-day period has been served, and the employer should pick up the tab for payments of compensation thereafter becoming due under the director's decision as well as those payments due for the ten-week period next preceding the director's decision. Such, I believe, can rationally be said to have been the intent of the legislature in enacting the two adjacent provisos.

The natural function of a proviso is to modify, restrict or limit that which immediately precedes it. (See 50 Am. Jur., Statutes, § 438, p. 459.) In the case now before this court, the words "Provided, however," are found at the beginning of the second proviso. Where such is the language introducing a proviso, the New York court in *Millard v. McFadden*, 185 Misc. 771, 57 N. Y. S. 2d 594, said that the word "provided" expresses a limitation or exception

and the word "however" is added confirmation of the intention to qualify what precedes the proviso. In *Matter of Livingston,* 14 A. D. 2d 264, 220 N. Y. S. 2d 434, the court expresses the sense of the phrase in this fashion:

". . . According to the general rules for statutory construction, the words 'provided, however', are deemed to denote the expression of a limitation or exception. . . ." (p. 265.)

An interpretation giving effect to both provisos, I believe, was foreshadowed in this court's opinion in *Scammahorn v. Gibraltar Savings & Loan Assn.,* 195 Kan. 220, 404 P. 2d 165. In that case the court called attention to the 1961 amendment to 44-556 and said:

"In the same enactment that amended 44-556, the legislature also amended 44-512a by changing the period of time the statutory demand could be served from fourteen days to twenty days, so as to make the time within which to serve the demand and the time to appeal to the district court from an award of compensation to be coextensive. Previously, an employer found himself served with a 44-512a demand for payment, although the time in which he could appeal to the district court had not expired. The obvious purpose of this amendment was to make the period of time in which an employer might appeal to be coextensive with the time in which demand under 44-512a could be served, and thus remove the hiatus between those times which previously existed.

"Likewise, it is obvious the legislature intended by its amendment to 44-556 that if an employer was insured for workmen's compensation liability, or if he was a self-insurer and had filed a bond with the district court pursuant to 44-530, he was relieved of payment of compensation during the first twenty days after the entry of the award if, within such twenty-day period, he perfected an appeal to the district court. However, the legislature also intended that if such an employer perfected an appeal to the district court, he was not relieved of payment of compensation due for the ten-week period next preceding the director's decision and of additional payments in accordance with the terms of the award until the district court rendered its decision on the appeal. If an employer failed to make payment of compensation *after his appeal was perfected,* the legislature further intended that a statutory demand under 44-512a could be served." (pp. 223, 224.) (Emphasis supplied.)

In summation, it is my view that effect can be given to both provisos of the 1961 amendment without doing too great violence to the language of either. The appeal here was perfected by the employer prior to expiration of the twenty-day period delineated in the first proviso. It is my thought that from and after the date of the appeal, compensation for the ten weeks immediately preceding the director's award would be due and that future payments of

compensation would become due, in accordance with the director's award, until the appeal was finally determined by the district court.

In concluding this dissent, and without meaning to be at all presumptious, it occurs to me that clarification of the statute under consideration would prove helpful.

FATZER and KAUL, JJ., join in the foregoing dissent.