(587 P.2d 927)

No. 49,996

LEW ELLA D. HALL v. CITY OF HUGOTON, KANSAS, and WESTERN INSURANCE COMPANIES, *Appellees,* and WORKMEN'S COMPENSATION FUND, *Appellant.*

and

No. 50,227

LEW ELLA D. HALL, *Appellant,* v. CITY OF HUGOTON, KANSAS, WESTERN INSURANCE COMPANIES, and KANSAS WORKMEN'S COMPENSATION FUND, *Appellees.*

Opinion filed December 8, 1978.

*Jeff Johnson,* of Brollier, Wolf & Johnson, of Hugoton, for Lew Ella D. Hall.

*Harold K. Greenleaf, Jr.,* of Smith, Greenleaf & Brooks, of Liberal, for Kansas Workmen's Compensation Fund.

*James H. Morain,* of Vance, Hobble, Neubauer, Nordling, Sharp & McQueen, P.A., of Liberal, for City of Hugoton, Kansas, and Western Insurance Companies.

Before SPENCER, P.J., ABBOTT and MEYER, JJ.

MEYER, J.: Claimant's husband suffered a fatal cardiovascular accident on August 25, 1976, while employed as police chief by the city of Hugoton, Kansas. The decedent had arrived at his home at about 3 o'clock in the afternoon after having worked an eight-hour shift. The temperature that afternoon was between 90 and 95 degrees. His home was air-conditioned and decedent was relaxing when he received a call from the police dispatcher that several vehicles were speeding at the city dump. Decedent left the house immediately and departed for the city dump in a vehicle which had been in the sun with the windows rolled up all day. Approximately eight minutes later the decedent was found

slumped over the steering wheel of his car. His death certificate showed the cause of death as coronary thrombosis resulting in myocardial infarction. There was sufficient medical testimony from which a finding could be made that decedent's fatal heart attack was proximately caused by the heat coupled with the excitement of the chase.

On October 26, 1977, the workmen's compensation examiner entered an award in favor of the claimant against the workmen's compensation fund, with compensation to be retroactive from the date of decedent's death. The workmen's compensation director affirmed the examiner on November 7, 1977, and the district court subsequently affirmed the examiner and director on March 10, 1978.

The workmen's compensation fund appealed the award in case No. 49,996, and the claimant appealed a separate action in case No. 50,227, in which she asked (and was denied) that penalties and attorney fees be assessed against the workmen's compensation fund for late payment.

Although the two cases have been consolidated for appeal, we will treat the issues presented in each appeal separately, beginning with the appeal by the workmen's compensation fund.

The first issue raised by the workmen's compensation fund is that there was no substantial external force, and therefore the heart amendment, K.S.A. 1977 Supp. 44-501, precludes claimant's recovery.

The district court found that there was a substantial external force which proximately caused decedent's death. There was substantial competent evidence upon which the district court made such finding.

On appeal, the standard is whether the record contains any substantial competent evidence which, on any theory, justifies the trial court's findings. *Day and Zimmerman, Inc. v. George,* 218 Kan. 189, 542 P.2d 313 (1975). Also, this court must review all evidence in the light most favorable to the prevailing party below, and if the findings are based upon substantial evidence, they are conclusive. *Makalous v. Kansas State Highway Commission,* 222 Kan. 477, Syl. ¶ 9, 565 P.2d 254 (1977). In addition, whether exertion in any particular case is "unusual" is a question of fact for the trial court. *Nichols v. State Highway Commission,* 211 Kan. 919, 508 P.2d 856 (1973).

The workmen's compensation fund's second issue concerns the apportionment of liability among the city, the city's insurance carrier, and the workmen's compensation fund. They argue that because the city was not shown to have had notice of the decedent's heart condition, total liability should not be assessed to the workmen's compensation fund. The trial court, however, found that the city did in fact have notice of the worker's condition prior to the time of his death. Since there was substantial competent evidence presented to justify the trial court's findings, appellant's second argument fails for the same reason as the first, based upon the same cases cited above.

In claimant's appeal, the issue is as follows:

"Is the Worker's Compensation fund liable under the provisions of K.S.A. 1977 Supp. 44-512a for failing to pay compensation when due as prescribed in K.S.A. 1977 Supp. 44-512?"

We must also ascertain whether appellant's court action was prematurely filed in that she had not petitioned the workmen's compensation director for relief under K.S.A. 1977 Supp. 44-512a.

K.S.A. 1977 Supp. 44-512a provides that if compensation due is not paid, the claimant is "entitled to a civil penalty, *to be set by the director* and *assessed against the employer or insurance carrier liable for such compensation* . . . ." (Emphasis added.)

There are only two entities expressly mentioned as being liable, under the statute, for the penalty. The legislature, having created the workmen's compensation fund, is obviously aware of its existence, but has never amended K.S.A. 1977 Supp. 44-512a to expressly include the fund. We conclude that the legislature's omission of the fund from the provisions of 44-512a was intentional.

Additionally, we note the language of K.S.A. 1977 Supp. 44-512a states that "the workman shall be entitled to a civil penalty, *to be set by the director* . . . ." (Emphasis added.) The statute specifies the director as the entity which shall set the penalty. We therefore hold that a prerequisite for filing this matter in district court is to have first petitioned the workmen's compensation director to set a penalty.

Affirmed.