(786 P.2d 618)

No. 63,668

JACK R. HATFIELD, Guardian and Conservator of Diene Hatfield, an incapacitated person, *Appellee,* v. WAL-MART STORES, INC., ALEXIS, INC., and WESTERN INSURANCE GUARANTY ASSOCIATION, *Appellants.*

Opinion filed January 26, 1990.

*Leigh C. Hudson,* of Hudson, Mullies & Reynolds, of Fort Scott, for the appellants Wal-Mart Stores, Inc., and Alexis, Inc.

*Garry W. Lassman,* of Wilbert and Towner, P.A., of Pittsburg, for the appellant Western Insurance Guaranty Association.

*Thomas A. DeVore,* of Hall, Levy, Lively, DeVore, Belot & Bell, of Coffeyville, for the appellee.

Before DAVIS, P.J., BRISCOE and GERNON, JJ.

BRISCOE, J.: Wal-Mart Stores, Inc., (Wal-Mart) and its insurance carriers appeal the amount of attorney fees awarded in a workers' compensation case. At issue is the construction of K.S.A. 1988 Supp. 44-512a(b) as it pertains to the awarding of attorney fees by the district court for collection of past due compensation.

In 1983, Diene Hatfield was injured while working at Wal-Mart. Her initial temporary total disability award was increased in 1986 to include permanent total disability. Diene is now a permanent resident of the Medicalodge nursing home in Coffeyville. Wal-Mart's failure to pay bills covered by the award as they came due became a recurring problem. In a follow-up order on January 20, 1987, the administrative law judge found the medical expenses incurred by Diene at Medicalodge were reasonable and necessary and ordered Wal-Mart to pay Medicalodge $5,567 "for care rendered to claimant [Diene] from October 1, 1986 to February 1, 1987, and continue such care as prescribed by Dr. Sandhu [Diene's treating physician]." (This statement has been interpreted by the parties and the district court as a direction from the ALJ that Wal-Mart continue to pay the medical expenses as they are incurred by Diene at Medicalodge.) The ALJ also ordered Wal-Mart to reimburse Diene's guardian the sum of $1,149.51 for reasonable and necessary medical expenses paid by him and ordered that Wal-Mart pay the sum of $105 to Four County Mental Health.

When no payments were made, the guardian sent a demand for compensation on May 8, 1987. No payments were made within 20 days of the letter. The guardian then filed a motion for civil penalties on July 13, 1987. On November 10, 1987, the ALJ found there were eight medical bills totalling $9,383.68, which were past due without payment for more than 20 days subsequent to the service of the statutory written demand letter, and therefore assessed civil penalties of $200. The ALJ denied civil penalties on unpaid medical bills omitted from the demand letter.

On August 10, 1987, Wal-Mart paid Four County Mental Health and the guardian two of the past due bills addressed in the ALJ's order. The guardian received no other payments and, on December 28, 1987, he filed a petition in district court pursuant to 44-512a(b) to collect $13,701.73 for outstanding and un-

paid medical expenses, $200 for unpaid civil penalties, and in excess of $10,000 for attorney fees. Wal-Mart paid the $200 for civil penalties and $10,441.18 to Medicalodge by checks dated December 23, 1987. It was stipulated at trial that these checks were not received prior to the filing of the petition.

The sole issue at the trial on October 28, 1988, was the amount of attorney fees to be awarded the guardian. The parties agreed the guardian was entitled to reasonable attorney fees under 44-512a(b), but they disagreed as to what amount would be reasonable.

The district court found that slightly more than $30,000 had been paid by Wal-Mart since the filing of the action in district court. The court found Wal-Mart had paid all medical expenses which were due at the date of filing and also had paid expenses incurred after the date of filing, although most of these payments were late. The district court found $13,815.87 in bills incurred in 1987 had been paid and ordered a 50 percent contingent fee of that amount. The court found $17,729.68 in bills incurred in 1988 also had been paid and ordered a 33⅓ percent contingent fee on that amount, less $7,519.22 which Wal-Mart had timely paid. The attorney fees awarded totalled $10,311.42 (one-half × $13,815.87 + one-third × [$17,729.68 − $7,519.22] = $10,311.42).

Wal-Mart contends the district court erred in awarding attorney fees based upon medical bills which were not first determined by the director of workers' compensation to be past due and subject to the enforcement provisions of 44-512a. Specifically, Wal-Mart argues the district court's authority to enforce collection was limited to the amounts set forth in the ALJ's order of November 10, 1987, which remained unpaid. The guardian contends the district court could consider all medical bills which were paid by Wal-Mart after the filing of his petition. Some were past due at the time the petition was filed; others became due after it was filed. The guardian relies upon the ALJ's order of January 20, 1987, for authority that Wal-Mart had a continuing duty to pay these bills whether they came due before or after the filing of the petition.

The resolution of this dispute centers around the interpretation of K.S.A. 1988 Supp. 44-512a, which provides in part:

"(a) *In the event any compensation,* including medical compensation, which has been awarded under the workers' compensation act, *is not paid*

*when due* to the person, firm or corporation entitled thereto, *the employee shall be entitled to a civil penalty, to be set by the director* and assessed against the employer or insurance carrier liable for such compensation in an amount of not more than $100 per week for each week any disability compensation is past due and in the sum of $25 for each past due medical bill, *if: (1) Service of written demand for payment, setting forth with particularity the items of disability and medical compensation claimed to be unpaid and past due, has been made* personally or by registered mail on the employer or insurance carrier liable for such compensation and its attorney of record; *and (2) payment of such demand is thereafter refused or is not made within 20 days* from the date of service of such demand.

"(b) *After the service of such written demand, if the payment of disability compensation or medical compensation set forth in the written demand is not made within 20 days from the date of service of such written demand, plus any civil penalty,* as provided in subsection (a), *if such compensation was in fact past due, then all past due compensation and any such penalties shall become immediately due and payable.* Service of written demand shall be required only once after the final award. *Subsequent failures to pay compensation, including medical compensation, shall entitle the employee to apply for the civil penalty without demand. The employee may maintain an action in the district court* of the county where the cause of action arose *for the collection of such past due disability compensation and medical compensation, any civil penalties due under this section and reasonable attorney fees incurred in connection with the action."* (Emphasis added.)

As stated in *Lackey v. D & M Trucking*, 9 Kan. App. 2d 679, 681, 687 P.2d 23 (1984), the following general rules apply to the construction of the Workers Compensation Act:

" '[T]his court has been firmly committed to the rule of liberal construction of the act in order to award compensation to the workman where it is reasonably possible to do so, and to make the legislative intent effective and not to nullify it. [Citations omitted.] . . . .

. . . .

" '. . . Legislative intent is to be determined by a general consideration of the entire act. Effect should be given, if possible, to the entire statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. [Citation omitted.] Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. [Citation omitted.] Where various provisions of an act conflict, this court should attempt to reconcile such provisions in order to make them harmonious and sensible. [Citations omitted.]' "

The overriding purpose of the Workers Compensation Act is to secure prompt payment to injured employees of the benefits

provided for under its terms. *Zimmerman v. O'Neill Tank Co.*, 188 Kan. 306, 309-10, 362 P.2d 10 (1961). The means selected by the legislature to insure prompt payment of compensation awards is found in 44-512a. *Hallmark v. Dalton Construction Co.*, 206 Kan. 159, 163, 476 P.2d 221 (1970). K.S.A. 1988 Supp. 44-512a enumerates a series of procedural steps which must be followed in enforcing a compensation award. A demand letter specifying the past due disability and medical compensation must be served on the employer. Failure of the employer to timely comply with the demand letter entitles the employee to civil penalties and authorizes the employee to commence an action in the district court for "such" past due compensation. K.S.A. 1988 Supp. 44-512a(b) authorizes an award of reasonable attorney fees in connection with the action. The "action" referred to in 44-512a(b) relates to the district court action authorized by the statute to enforce the collection of past due compensation which remains unpaid after demand and imposition of penalties, *or* after imposition of penalties if a prior demand was made. See *Crow v. City of Wichita*, 222 Kan. 322, 566 P.2d 1 (1977). See also *Atlantic Coast Line v. Riverside Mills*, 219 U.S. 9 186, 55 L. Ed. 167, 31 S. Ct. 164 (1911) (statute mandating attorney fees in certain proceedings upon defined claims is strictly limited to the proceedings and claims described in the statute).

As a result of amendments enacted in 1974, 44-512a no longer contemplates acceleration of the entire compensation award. As stated in *Crow v. City of Wichita*, 222 Kan. at 328-29:

"Under the former law, failure by the employer to pay compensation when due, as provided in the act, caused 'the entire amount of compensation awarded, agreed upon or adjudged' to become immediately due and payable. In place of acceleration of the entire award, the new act [1974 amendment] causes only past due compensation to become immediately due and payable and provides for certain civil penalties to be assessed by the director against the employer. The new act also provides for the allowance of reasonable attorneys' fees incurred in connection with a 44-512a action."

Therefore, an action in district court can only be effective for past due compensation. In order to determine whether the fee awarded in this case was reasonable, we must determine what amounts are included in the computation of amounts "past due" which were subject to the collection action.

As a result of a 1987 amendment to 44-512a(b), the statute no longer requires the claimant to serve successive demand letters upon subsequent failures to pay compensation. "Subsequent failures to pay compensation, including medical compensation, shall entitle the employee to apply for the civil penalty without demand." K.S.A. 1988 Supp. 44-512a(b). However, the claimant must apply for civil penalties as a prerequisite for maintaining an action in district court for the collection of past due compensation. See *Hall v. City of Hugoton*, 2 Kan. App. 2d 728, 730, 587 P.2d 927 (1978).

In the present case, the guardian served a demand letter on Wal-Mart on May 8, 1987. Wal-Mart failed to comply with the demand letter and the guardian filed a motion for civil penalties.

An award of attorney fees pursuant to K.S.A. 1988 Supp. 44-512a(b) can only be related to the enforcement of the collection of compensation determined to be past due by the director after assessing civil penalties on those amounts. The reasonableness of the award for attorney fees must be viewed in light of that collection. K.S.A. 1988 Supp. 44-512a(b). Here, the district court erred in awarding attorney fees based on medical bills which were not first determined by the director to be past due and payable. The award for attorney fees should have been related to the total past due medical compensation outstanding on November 10, 1987, upon which civil penalties were assessed.

Wal-Mart contends the district court erred in computing the award for attorney fees on a contingent fee basis. Noting that medical expenses are specifically excluded from the calculation of contingent fees with respect to the original claim (K.S.A. 1988 Supp. 44-536[c]), Wal-Mart argues it is illogical to allow such an award indirectly through a 44-512a(b) action. Additionally, Wal-Mart contends contingent fees are only appropriate when based upon a contract between the attorney and client.

Generally, the award of attorney fees is a matter within the trial court's discretion and is upheld unless there is a showing of an abuse of discretion. *Dickinson, Inc. v. Balcor Income Properties Ltd.*, 12 Kan. App. 2d 395, 401, 745 P.2d 1120 (1987), *rev. denied* 242 Kan. 902 (1988). Because of the discretionary nature of fee determinations, fee awards that fall within a zone of reasonableness will not be disturbed on appeal. As a general

rule, appellate courts defer to any thoughtful rationale and decision developed by a trial court and avoid second guessing. *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 950 (1st Cir. 1984). However, these discretionary decisions are limited by the evidence in the record and, when an abuse of discretion is shown, appellate courts may, in the interest of justice, amend the attorney fee award. See *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 716-17 (5th Cir. 1974); *Buchanan v. Employers Mutual Liability Ins. Co.,* 201 Kan. 666, 676, 443 P.2d 681 (1968).

Statutory attorney fee awards serve to deter potential violators and encourage voluntary compliance with the statute involved. See *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d at 716. Statutes allowing an award of attorney fees are not passed to benefit the attorney. Rather, they are passed to enable litigants to obtain competent counsel. *Grendel's Den, Inc. v. Larkin,* 749 F.2d at 950; *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d at 719.

As a general rule, general and special statutes should be read together and harmonized whenever possible to avoid conflict. It is our duty to reconcile the different statutory provisions so as to make them consistent, harmonious, and sensible. *Kansas Racing Management, Inc. v. Kansas Racing Comm'n,* 244 Kan. 343, 353, 770 P.2d 423 (1989). K.S.A. 1988 Supp. 44-512a(b) provides for an award of reasonable attorney fees. It does not, however, enumerate the factors to be considered in determining such an award or state whether fees can be awarded on a contingent fee basis. K.S.A. 1988 Supp. 44-536(g), the general provision for attorney fees in the Workers Compensation Act, states that attorney fee awards for any service subsequent to the ultimate disposition of the original claim are based on the reasonable and customary charges in the locality, and not on a contingent fee basis. In order to reconcile 44-512a and 44-536, a contingent fee is not recoverable in a 44-512a action. To be consistent with the entire Act, the appropriate basis for an attorney fee award must be the reasonable hours expended on the action multiplied by the reasonable hourly rate. Adjustments to the basic rate can then be made to reflect various nonpecuniary factors which are enumerated in 44-536(b).

The evidence in the record discloses the guardian's counsel

expended approximately 14 hours on this action. The customary standard rate in the community is $75 per hour. Thus, the basic attorney fee award should be $1,050. The trial court's award exceeded $10,000 and must be justified, if possible, by consideration of other factors such as the novelty and complexity of the issues, employment preclusion, and the results obtained. See K.S.A. 1988 Supp. 44-536(b); *Dickinson, Inc. v. Balcor Income Properties Ltd.,* 12 Kan. App. 2d at 401-02.

The reasons offered by the district court to support the attorney fee award do not withstand examination. The district court found it took extraordinary efforts to collect the medical compensation expenses incurred in 1987. The record discloses the attorney's actions in connection with the 44-512a action consisted of filing a petition in district court and preparing for a hearing in which the only remaining issue was the amount of attorney fees to be awarded. Filing the petition resulted in the payment of $8,129.17 in medical compensation declared past due by the director which remained unpaid plus the $200 in civil penalties. While it is conceivable that the filing also resulted in payment of medical bills which became due and payable later, those figures are irrelevant to the determination of the present attorney fee award because they had not been determined past due by the director. In short, it has not been shown that the results were exceptional or required extraordinary legal skills. In fact, the guardian's attorney admitted the issues were not complex.

Obviously, where a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee. Generally, this will encompass all hours reasonably expended on the action and, indeed, in some cases of exceptional success, an enhanced award may be justified. In the present case, the district court in the exercise of its discretion could have allowed some enhancement for the excellent results obtained; however, a fee award totalling $10,311.42 for the collection of $8,329.17 does not fall within a zone of reasonableness under the facts of this case.

Reversed and remanded for determination of reasonable attorney fees based upon factors consistent with this opinion.