NOT DESIGNATED FOR PUBLICATION
No. 126,383

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FRANCISCO JOAQUIN AQUILAR BENAVIDEZ,
*Appellant*,

v.

ARLEN ISAAC, d/b/a TRIPLE DIAMOND CONCRETE,

and

KANSAS WORKERS COMPENSATION FUND,
*Appellees*.

MEMORANDUM OPINION

Appeal from Gray District Court; SIDNEY R. THOMAS, judge. Oral argument held March 5, 2024. Opinion filed December 20, 2024. Affirmed in part and dismissed in part.

*Melinda G. Young*, of Melinda Young Law, LLC, of Hutchinson, for appellant.

*Spencer Bailey* and *Travis J. Ternes*, of Watkins Calcara, Chtd., of Great Bend, for appellee Kansas Workers Compensation Fund.

No appearance by appellee Arlen Isaac, d/b/a Triple Diamond Concrete.

Before SCHROEDER, P.J., ISHERWOOD and PICKERING, JJ.

PICKERING, J.: The Kansas Legislature enacted the Kansas Workers Compensation Act (the Act), K.S.A. 44-501 et seq., to ensure that workers promptly receive awards for compensation in a timely manner. In achieving this goal, the Act outlines a statutory mechanism by which an employee can demand compensation from

his or her employer or insurer that is owed. This statute, K.S.A. 44-512a, provides a series of steps that the employee must follow. One of these steps includes first seeking an administrative remedy for the award that remains unpaid and, if necessary, filing a civil action in district court.

In this case, Francisco Joaquin Aquilar Benavidez appeals the district court's order granting the motion to dismiss filed by the Kansas Workers Compensation Fund (the Fund). Specifically, Benavidez appeals from the district court's rulings that the Fund cannot be liable under K.S.A. 44-512a and that Benavidez failed to comply with the statutory structure of K.S.A. 44-512a, including having an administrative law judge (ALJ) determine whether the ordered compensation award had been paid. Benavidez also appeals the court's granting of the Fund's motion for summary judgment. Because we find that the Fund is not liable under K.S.A. 44-512a, we affirm the district court's ruling and dismiss the summary judgment issue due to mootness.

FACTUAL AND PROCEDURAL BACKGROUND

An ALJ for the Division of Workers Compensation for the State of Kansas (Division) issued an award to Benavidez, and against Arlen Isaac, d/b/a/ Triple Diamond Concrete, and the Fund, on November 15, 2019, for work-related injuries sustained in May 2014. The total award for permanent partial disability (PPD) compensation was $17,154.03. The ALJ granted Benavidez' request for payment of outstanding medical bills in the amount of $65,847. The ALJ also granted a $35,000 credit to the Fund, the amount Benavidez received from a settlement with a third party in relation to his workplace accident. That said, the ALJ did not provide specific instructions to the Fund on how the compensation awarded should be disbursed.

On February 25, 2020, Benavidez filed a demand under K.S.A. 44-512a(b) for compensation with the Division, essentially claiming that the award had not been paid

and demanding its payment within 20 days from receipt of the demand. In response, on February 27, 2020, counsel for the Fund sent a letter to Benavidez' counsel stating that the Fund's credit of $35,000 was applied first to the PPD award of $17,154.03.

On September 2, 2020, Benavidez filed an application for penalties with the Division. The Fund filed a response, stating that penalties may not be assessed against the Fund and that the Fund timely paid the award, but that Benavidez disagreed with the way the Fund applied the $35,000 credit. The Division set a preliminary hearing for November 18, 2020. That same day, the Fund emailed Benavidez' counsel with receipts for payment of Benavidez' medical bills in the amount of $28,327.15 and an explanation that the Fund applied the credit to the amount of PPD first. On December 14, 2020, the Fund filed a supplemental response informing the Division that it provided the information about payment of medical bills to Benavidez' counsel and, having received no response, considered the matter closed.

One and a half years later, on June 29, 2022, Benavidez filed a civil action under K.S.A. 44-512a(b) in Gray County District Court against Triple Diamond Concrete and the Fund seeking to collect "the benefits due and owing pursuant to the Kansas Workers Compensation Award." His petition sought "an amount in excess of $75,000." Ultimately, on December 9, 2022, the Fund moved to dismiss or for summary judgment. It argued that K.S.A. 44-512a was not applicable to the Fund and, even if it were, Benavidez failed to exhaust his administrative remedies and failed to satisfy a condition precedent to filing the civil action—that he receives a decision from the ALJ in the workers compensation action.

Benavidez filed a response claiming that K.S.A. 44-512a applied to the Fund but that penalties cannot be assessed against the Fund. He also claimed that summary judgment was premature because there existed disputed material facts. Finally, he suggested for the first time that the district court had jurisdiction to determine how the

$35,000 credit should be applied, including the apportionment of costs and fees from that third-party settlement. The Fund filed a reply, reiterating its arguments. The Fund also responded to the newly asserted claim related to the credit by asserting that it would violate res judicata for Benavidez to seek apportionment of costs and fees in this case because he could have done so in the original civil action against the third party.

The district court held a hearing in February 2023 on the Fund's motion to dismiss or for summary judgment. The Fund argued that K.S.A. 44-512a requires that the administrator of the workers compensation system or an ALJ set a civil penalty before a worker can bring a civil action for collection. Benavidez argued that he was not "trying to do something fishy or do a runaround to get something that he's not entitled to get." Benavidez claimed that the award in his favor had not been paid. The district court interjected and asked counsel for Benavidez why she did not file something with the Division stating that Benavidez had not been fully compensated. Benavidez' counsel answered that because the Fund is not subject to civil penalty, the hearing with workers compensation "would have been solely for the purposes of determining a penalty." The district court then asked the Fund if the award had been paid. The Fund's counsel stated: "[W]e have paid the entire award." The Fund's counsel added that it appeared Benavidez' complaint was with the way the Fund applied the $35,000 credit.

The district court granted the Fund's motion to dismiss on the record. It stated that Benavidez "didn't comply with getting that clarified in the administrative—by the administrative law judge as to what was not unpaid," and it found that to be a condition precedent to filing in district court. It also found that the district court lacked subject matter jurisdiction. A journal entry was prepared and approved by the parties and signed by the district court. It states, in relevant part:

> "[Benavidez] failed to comply with the statutory scheme and [he] failed to allow the
> administrative law judge to make a finding as to what was or was not paid from the

4

Award. Further, based on the binding precedent the Kansas Workers Compensation Fund could not be liable under K.S.A. 44-512a."

The court also granted summary judgment to the Fund after granting the Fund's motion to dismiss.

ANALYSIS

I.    DID THE DISTRICT COURT ERR IN GRANTING THE FUND'S MOTION TO DISMISS?

The district court's decision to grant the Fund's motion to dismiss was based on two reasons:  (1) K.S.A. 44-512a does not apply to the Fund; and (2) even if K.S.A. 44-512a does apply to the Fund, Benavidez failed to comply with K.S.A. 44-512a(a)'s statutory scheme, including allowing the ALJ to make a finding that the compensation award remained unpaid, a condition precedent for filing a civil action in district court. We shall address the court's first reason for granting the Fund's dismissal—whether K.S.A. 44-512a applies to the Fund.

*Did the District Court Err by Finding that K.S.A. 44-512a Does Not Apply to the Fund?*

*Standard of Review*

Our review of a motion to dismiss is de novo. *Kluin v. American Suzuki Motor Corp.*, 274 Kan. 888, 893, 56 P.3d 829 (2002). This issue also involves statutory interpretation, which is a question of law subject to de novo review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

5

*Analysis*

Benavidez challenges the district court's grant of the Fund's motion to dismiss his claim against the Fund. He asserts that the district court had jurisdiction to hear his claim against the Fund under K.S.A. 44-512a(b).

K.S.A. 44-512a is a statutory mechanism under which an employee may demand payment for failure to pay the compensation when due. *Hallmark v. Dalton Construction Co.*, 206 Kan. 159, 163, 476 P.2d 221 (1970); *Hatfield v. Wal-Mart Stores, Inc.*, 14 Kan. App. 2d 193, 197, 786 P.2d 618 (1990). Specifically, K.S.A. 44-512a(a) imposes civil penalties when an employer or its insurance carrier fails to pay compensation to a workers compensation claimant when due.

K.S.A. 44-512a(a) provides:

"(a) In the event any compensation, including medical compensation, which has been awarded under the workers compensation act, is not paid when due to the person, firm or corporation entitled thereto, the employee shall be entitled to a civil penalty, to be set by the administrative law judge and assessed against the employer or insurance carrier liable for such compensation in an amount of not more than $100 per week for each week any disability compensation is past due and in an amount for each past due medical bill equal to the larger of either the sum of $25 or the sum equal to 10% of the amount which is past due on the medical bill, if:  (1) Service of written demand for payment, setting forth with particularity the items of disability and medical compensation claimed to be unpaid and past due, has been made personally or by registered mail on the employer or insurance carrier liable for such compensation and its attorney of record; and (2) payment of such demand is thereafter refused or is not made within 20 days from the date of service of such demand."

6

*We follow the* Hall *precedent.*

In *Hall v. City of Hugoton*, 2 Kan. App. 2d 728, 587 P.2d 927 (1978), another panel of this court considered whether the workers compensation fund could be liable under K.S.A. 1977 Supp. 44-512a for unpaid compensation. There, the workers compensation examiner (a predecessor to an ALJ) entered an award in favor of Hall and against the workers compensation fund (a predecessor to the Fund).

The *Hall* panel pointed out that K.S.A. 1977 Supp. 44-512a expressly mentioned only two entities as being liable for penalties on past due compensation—employers and insurance carriers. The *Hall* panel reasoned that the Legislature was obviously aware of the existence of the workers compensation fund but had never amended the statute to expressly include it. The panel concluded that "the legislature's omission of the fund from the provisions of [K.S.A.] 44-512a was intentional." *Hall,* 2 Kan. App. 2d at 730.

This reasoning still pertains to our review of this penalty statute. The Legislature is clearly aware of the Fund. The current Fund, established in 1974 under K.S.A. 44-566a, serves an important and unique role in workers compensation cases to ensure the claimant receives the compensation award. K.S.A. 44-566a(e). Even though the Fund today is much different from the workers compensation fund at issue in *Hall*, the Legislature still has never amended K.S.A. 44-512a to include the Fund.

Kansas courts have considered the Legislature's failure to modify a statute to circumvent a standing judicial statutory construction. The Kansas Supreme Court explained this reasoning: "'When the legislature fails to modify a statute to avoid a standing judicial construction of that statute, the legislature is presumed to agree with the court's interpretation.'" *In re Adoption of G.L.V.*, 286 Kan. 1034, 1052, 190 P.3d 245 (2008); cf. *State v. Kerrigan*, 317 Kan. 683, 687-88, 538 P.3d 852 (2023) (Legislature

7

amended K.S.A. 8-1001(k)(10) in 2018 in response to Supreme Court's interpretation of statute in *Dumler v. Kansas Dept. of Revenue*, 302 Kan. 420, 354 P.3d 519 [2015]).

> *Kansas courts have continued to rule that K.S.A. 44-512a excludes the Fund.*

*Hall*'s finding that K.S.A. 44-512a excludes the Fund has continually been accepted by other courts since the opinion issued in 1978. See, e.g., *Acosta v. National Beef Packing Co.*, 273 Kan. 385, 398, 44 P.3d 330 (2002) (claimant may seek compensation from either the "employer or insurance carrier"); see also *Nuessen v. Sutherlands*, 51 Kan. App. 2d 616, 622, 352 P.3d 587 (2015) ("K.S.A. 44-512a(a) imposes a penalty when a timely demand has been made by the *employee/claimant and the employer or insurance carrier* fails to timely pay the benefits due." [Emphasis added.]). Even the Workers Compensation Board has followed *Hall* and declared that "any attempt to assess penalties against the Kansas Workers Compensation Fund under K.S.A. 44-512a is merely an exercise in futility." *Wilson v. Glory Days, Inc.*, No. 1,035,327, 2012 WL 1142956, at *5 (Kan. Work. Comp. App. Bd. March 1, 2012).

Benavidez attempts to distinguish his case by arguing that *Hall* does not apply because he did not file suit for collection of penalties. But the *Hall* decision did not limit its holding to suits that asked solely for penalties. That is, the *Hall* opinion resolved the question: "'Is the Worker's Compensation fund liable under the provisions of K.S.A. 1977 Supp. 44-512a for failing to pay *compensation* when due as prescribed in K.S.A. 1977 Supp. 44-512?'" (Emphasis added.) 2 Kan. App. 2d at 730. In light of *Hall*'s ruling that excludes the Fund from being liable under K.S.A. 1977 Supp. 44-512a—including failing to pay compensation—we find that Benavidez' argument fails.

K.S.A. 44-532a(a) provides, in part, that once an ALJ makes an award and prescribes the payments to be made from the Fund, the "award shall be certified to the

commissioner of insurance, and upon receipt thereof, the commissioner of insurance shall cause payment to be made to the worker in accordance therewith." The statute does not anticipate that there will be any delay in payment. If the Fund does not have the funds to pay, the responsibility falls back on the employer. See K.S.A. 44-569(c).

We note that the Fund has been sued under K.S.A. 44-512a without being assessed a penalty. See *Nuttle v. Certainteed Corp.*, 10 Kan. App. 2d 225, 227, 696 P.2d 415 (1985). *Nuttle*, however, concerned the application of K.S.A. 44-567, a statutory provision specifically designed to shift liability from the employer to the Fund in workers compensation cases involving handicapped employees. Under that statute, "[a]n employer's liability for an award entered pursuant to K.S.A. 1984 Supp. 44-567(a)(A) is secondary to the liability of the Kansas Workers' Compensation Fund." 10 Kan. App. 2d 225, Syl. ¶ 2. Here, the Fund is not the first party to be found liable in Benavidez' workers compensation case. *Nuttle* thus can be distinguished from this case and is not persuasive authority.

We therefore find that here, K.S.A. 44-512a does not apply to the Fund and, thus, the district court lacked jurisdiction. We need not address the court's additional finding that Benavidez did not comply with K.S.A. 44-512a. Accordingly, we find that the district court did not err in granting the Fund's motion to dismiss.

II. DID THE DISTRICT COURT ERR IN GRANTING SUMMARY JUDGMENT TO THE FUND?

"When a motion to dismiss raises an issue concerning the legal sufficiency of a claim, the question must be decided from the well-pleaded facts of plaintiff's complaint. K.S.A. 60-212(b)(6)." *Miller v. Sloan, Listrom, Eisenbarth, Sloan and Glassman*, 267 Kan. 245, 250, 978 P.2d 922 (1999).

9

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and supporting affidavits show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. The district court must resolve all facts and reasonable inferences drawn from the evidence in favor of the party against whom the ruling is sought." *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. 976, 981-82, 453 P.3d 304 (2019).

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. McKnight*, 292 Kan. 776, 778, 257 P.3d 339 (2011). Our Supreme Court has previously described the mootness doctrine as a court policy which recognizes that the role of a court is "to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive." *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 (1996).

Here, the issue of summary judgment is moot because the district court had already dismissed the action in its entirety before stating that it also granted summary judgment to the Fund. The district court did not make any factual findings. It stated that "just on the face of the statute, I'm going to grant the motion to dismiss." The ruling for summary judgment appeared to be an afterthought. After dismissing the action, the district court stated:

"And in regard to the summary judgment motion, basically that it makes more sense to have gone through the procedures so things were defined in the—with the administrative law judge and so the Fund has also established a right to summary judgment based upon the undisputed facts and I'll just leave it at that."

The Fund seems to agree in its brief that the dismissal was dispositive of the action and the summary judgment issue is moot. It concedes that "[i]f this suit was not already

10

subject to dismissal, this [factual] question raised by [Benavidez] might be enough to deny a motion for summary judgment and require more discovery on that issue." The Fund states that Benavidez "was barred from bringing suit in the district court by not following the statutory scheme set out in K.S.A. 44-512a," referring to the grounds for dismissal, but nonetheless concludes that "this Court should find that the district court properly granted summary judgment."

We agree with the Fund. Because the district court had already dismissed the action in its entirety before stating that it also granted summary judgment to the Fund, the issue of summary judgment is moot. We thus dismiss this issue.

*Response to the dissent*

The dissent's position that Benavidez has a right to file the civil action under subsection (b) of K.S.A. 44-512a runs in direct contravention of the plain language of the statute.

Even if Benavidez were allowed to pursue a civil action solely under subsection (b) of K.S.A. 44-512a as the dissent argues is permissible, he would essentially bypass K.S.A. 44-521a(a) and proceed directly to K.S.A. 44-512a(b) in his quest for relief. This avoids the reality borne of the plain language that both subsections (a) and (b) are required to provide a remedy for failure to pay compensation when due.

The most fundamental rule of statutory construction is that "the intent of the Legislature governs if that intent can be ascertained." *In re Joint Application of Westar Energy and Kansas Gas and Electric Co.*, 311 Kan. 320, 328, 460 P.3d 821 (2020). In attempting to ascertain legislative intent, we begin with the statute's plain language, giving common words their ordinary meanings. When a statute is plain and unambiguous,

11

we refrain from adding words to the statute that are not readily found in it. Where there is no ambiguity, we need not resort to statutory construction. 311 Kan. at 328.

The language of K.S.A. 44-512a(b) is clear and unambiguous. K.S.A. 44-512a(b) states:

"After the service of such written demand, if the payment of disability compensation or medical compensation set forth in the written demand is not made within 20 days from the date of service of such written demand, plus any civil penalty, *as provided in subsection (a)*, if such compensation was in fact past due, then all past due compensation and any such penalties shall become immediately due and payable. Service of written demand shall be required only once after the final award. Subsequent failures to pay compensation, including medical compensation, shall entitle the employee to apply for the civil penalty without demand. The employee may maintain an action in the district court of the county where the cause of action arose for the collection of such past due disability compensation and medical compensation, any civil penalties due under this section and reasonable attorney fees incurred in connection with the action." (Emphasis added.)

K.S.A. 44-512a(a) is imperative for establishing that the compensation award remains unpaid. Without that determination, a claim under K.S.A. 44-512a fails. The first clause in K.S.A. 44-512a(b) refers directly to the written demand requirement in subsection (a). It would be impossible to determine whether the written demand was sufficient under (b) without construing it together with subsection (a). Accordingly, any attempt to read the two subsections separately without first following the procedure outlined in subsection (a) is contrary to the rule and practice that statutes must be read harmoniously. See *Nova Stylings, Inc. v. Red Roof Inns, Inc.,* 242 Kan. 318, 325, 747 P.2d 107 (1987).

In construing how K.S.A. 44-512a(a) and (b) work together, courts have laid out the statutory procedures that are required under K.S.A. 44-512a. Before penalties are

imposed, K.S.A. 44-512a requires "(1) an award of compensation which is due and payable but has not been paid; (2) service of a written demand for payment; and (3) the passage of 20 days from the service of demand without payment of the compensation due." *Stout v. Stixon Petroleum*, 17 Kan. App. 2d 195, 198, 836 P.2d 1185 (1992). "A statutory demand under [K.S.A.] 44-512a can only be effective for compensation awarded the claimant then due and unpaid. When payment of compensation is not delinquent, . . . there can be no valid statutory demand upon which to predicate a 44-512a action. [Citation omitted.]" *Hallmark*, 206 Kan. at 161. As such, "the claimant must apply for civil penalties as a prerequisite for maintaining an action in district court for the collection of past due compensation. See *Hall v. City of Hugo*ton, 2 Kan. App. 2d 728, 730, 587 P.2d 927 (1978)." *Hatfield*, 14 Kan. App. 2d at 198.

Finally, Kansas courts have continually construed the two provisions together and held a claimant must follow the procedural steps under subsection (a) as a prerequisite for maintaining an action in district court for collection of past due compensation under subsection (b). See, e.g., *Stout*, 17 Kan. App. 2d at 204. Thus, any attempt to sidestep K.S.A. 44-512a(a) fails.

Affirmed in part and dismissed in part.

\* \* \*

ISHERWOOD, J., concurring:  I agree with the overall conclusion that K.S.A. 44-512a does not apply to the Kansas Workers Compensation Fund and that, for this reason, the district court properly granted the Fund's motion to dismiss. I write separately because I believe that conclusion only resolves a portion of the issue. Rather, when we, as an error correcting court, issue a ruling which informs the parties that they ventured down the wrong avenue in their pursuit of relief, for their sake, as well as that of similarly

13

situated future litigants, it is incumbent upon us to also identify the proper path and not simply leave them guessing.

In this case, it is undisputed that Francisco Joaquin Aquilar Benavidez' employer, Arlen Isaac, d/b/a Triple Diamond Concrete, was insolvent and that the administrative law judge awarded Benavidez past due and owing benefits totaling $83,481.03 to be paid by the Fund. The dispute arises only from the Fund's apparent refusal to fulfill its obligation to compensate Benavidez for his injury.

K.S.A. 44-532a(a) states:

"(a) If an employer has no insurance or has an insufficient self-insurance bond or letter of credit to secure the payment of compensation, as provided in subsection (b)(1) and (2) of K.S.A. 44-532, and amendments thereto, and such employer is financially unable to pay compensation to an injured worker as required by the workers compensation act, or such employer cannot be located and required to pay such compensation, the injured worker may apply to the director for an award of the compensation benefits, including medical compensation, to which such injured worker is entitled, to be paid from the workers compensation fund. Whenever a worker files an application under this section, the matter shall be assigned to an administrative law judge for hearing. If the administrative law judge is satisfied as to the existence of the conditions prescribed by this section, the administrative law judge may make an award, or modify an existing award, and prescribe the payments to be made from the workers compensation fund as provided in K.S.A. 44-569, and amendments thereto. The award shall be certified to the commissioner of insurance, and upon receipt thereof, the commissioner of insurance *shall* cause payment to be made to the worker in accordance therewith." (Emphasis added.)

From this provision, the Fund's legal duty to issue payments to Benavidez is clearly defined. Given our earlier finding that K.S.A. 44-512a, the statute which enables an injured worker to file suit upon an *employer's* failure to pay, is inapplicable to the

14

Fund, there is no other adequate legal remedy available to Benavidez to seek enforcement of his award under the Workers Compensation Act.

But section 18 of the Kansas Constitution Bill of Rights states: "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay." "'Remedy by due course of law'" as used in section 18 means "reparation for injury, ordered by a tribunal having jurisdiction, in due course of procedure, after a fair hearing." *Hanson v. Krehbiel*, 68 Kan. 670, Syl. ¶ 2, 75 P. 1041 (1904). This section is considered a fundamental constitutional right. See *Ernest v. Faler*, 237 Kan. 125, 131, 697 P.2d 870 (1985); cf. *State v. Larraco*, 32 Kan. App. 2d 996, 999, 93 P.3d 725 (2004).

I recognize that the Act is generally interpreted to be "substantial, complete, and exclusive, covering every phase of the right to compensation and of the procedure for obtaining it." *Acosta v. National Beef Packing Co.*, 273 Kan. 385, Syl. ¶ 5, 44 P.3d 330 (2002). But our Supreme Court has also previously held that quid pro quo is at the heart of the constitutionality of the Act, and that it "allow[s] employees to quickly receive a set but possibly smaller sum of money for injuries received at work." *Injured Workers of Kansas v. Franklin*, 262 Kan. 840, 883, 942 P.2d 591 (1997). Further, it "'is the declared public policy of the state that compensation awards shall be promptly paid.'" *Griffith v. State Highway Commission of Kansas*, 203 Kan. 672, 678, 456 P.2d 21 (1969).

Our finding that the Fund is beyond the reach of K.S.A. 44-512a results in the unacceptable risk that the Fund could potentially be insulated from the enforcement of its economic obligations to injured workers. I cannot abide such a conclusion given the strong public policy consideration surrounding compensation due and owing to such individuals. Accordingly, it is my position that the appropriate remedy for dilatory disbursement from the Fund is to go outside the Act entirely and file a writ of mandamus to compel the Fund to perform its duty.

15

An issue somewhat analogous to the matter before us arose in *Schmidtlien Electric, Inc. v. Greathouse*, 278 Kan. 810, 104 P.3d 378 (2005). In that case, the plaintiffs sought reimbursement from the Kansas Workers Compensation Director (Director) under K.S.A. 44-534a for temporary benefits paid to workers whose claims were later dismissed or disallowed for procedural reasons. The Director denied the reimbursement requests, which prompted the plaintiffs to file petitions for writs of mandamus in district court in an effort to compel the Director to issue reimbursements. The district court denied the petitions on the merits.

Our Supreme Court assumed review of the consolidated cases on appeal and analyzed whether mandamus was the appropriate mechanism for relief. In arriving at the conclusion that it was, it conducted a thorough review of the legal principles surrounding mandamus. 278 Kan. at 832-33. The court specifically noted:

"Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law.

"Mandamus is not available to require performance of an act that involves the exercise of discretion by the public official. Nor does it lie to enforce a right which is in substantial dispute. It is available only for the purpose of compelling the performance of a clearly defined duty. [Citations omitted.]" 278 Kan. at 832-33.

At the conclusion of its analysis, the *Schmidtlien* court determined that the Director's duty to reimburse the plaintiffs was clear, thus the district court's refusal to issue the writs of mandamus was erroneous. 278 Kan. at 832-34. One of the legal principles underlying its determination was that the Act otherwise "does not provide for the right to appeal the Director's determination on reimbursement." 278 Kan. 810, Syl. ¶ 4. Thus, while the *Schmidtlien* court did not expressly state as such, its conclusion can

16

be properly interpreted as a finding that mandamus relief is appropriate when no other adequate legal remedy is available. See *Shehan v. Kansas Dept. of Corrections*, No. 108,020, 2013 WL 781139, at *2 (Kan. App. 2013) (unpublished opinion) (citing *State v. McDaniels*, 237 Kan. 767, 771-72, 703 P.2d 789 [1985]); see also *Board of Harvey County Comm'rs v. Whiteman*, 23 Kan. App. 2d 634, 638-39, 933 P.2d 771 (1997). Stated another way, a mandamus action is appropriate to redress "'illegal, fraudulent or oppressive official conduct.'" *Schmidtlien*, 278 Kan. at 832.

Whether mandamus is an appropriate vehicle for relief involves interpretation of the applicable procedural and substantive law, a question over which this court exercises unlimited review. *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 443, 172 P.3d 1154 (2007). The Legislature created the Fund so an injured worker of an uninsured employer can receive compensation from the Fund under K.S.A. 44-532a(a). But if the Fund does not pay, there is no adequate legal remedy contained within the Act.

Accordingly, relief for Benavidez, if available at all, can only be obtained through a writ of mandamus. I offer no opinion as to whether Benavidez is entitled to such a writ.

\* \* \*

SCHROEDER, J., dissenting:  I respectfully dissent. Benavidez seeks recovery for medical bills previously ordered to be paid. All parties agree the Fund is liable for Benavidez' workers compensation benefits and medical expenses because his employer was insolvent. The Workers Compensation Act (Act), K.S.A. 44-501 et seq., was designed to be a wholly contained act providing the procedure for workers to obtain prompt payment for their injury and medical expenses. See *Gould v. Wright Tree Service, Inc.*, No. 120,540, 2020 WL 3393530, at *6 (Kan. App. 2020) (unpublished opinion). The Fund is part of the Act. K.S.A. 44-532a. Within the Act is K.S.A. 44-512a, which provides for an action in the district court for civil enforcement. *Acosta v. National Beef*

*Packing Co.*, 273 Kan. 385, 400, 44 P.3d 330 (2002). "It is the intent of the legislature that the workers compensation act shall be liberally construed only for the purpose of bringing employers and employees within the provisions of the act." K.S.A. 44-501b(a).

Yet here we are approximately 10 years after Benavidez was injured and still called upon to determine if all his medical bills have been paid. This is a simple math question: What was ordered paid by the administrative law judge, what has been paid, and what if any remains unpaid? Presently, Benavidez seeks payment for his unpaid medical expenses and not any penalty under K.S.A. 44-512a. He seeks redress for payment of his medical expenses under K.S.A. 44-512a(b), and I believe said statute gives him a vehicle to proceed with and the district court with jurisdiction to adjudicate the issues. The Fund, in its brief, even admits there may be a factual basis that would deny summary judgment.

The majority relies on *Hatfield v. Wal-Mart Stores, Inc.*, 14 Kan. App. 2d 193, 198, 786 P.2d 618 (1990), for the proposition "the claimant must apply for civil penalties as a prerequisite for maintaining an action in district court for collection of past due compensation." But the panel in *Hatfield* relied on *Hall v. City of Hugoton*, 2 Kan. App. 2d 728, 587 P.2d 927 (1978), which does not support such proposition. In *Hall*—an action for penalties—the panel determined the workers compensation director must first set the penalty before the claimant can seek a civil penalty in district court. 2 Kan. App. 2d at 730. Again, Benavidez is not asking for penalties.

Further, the Act does not provide for civil penalties against the Fund, and it is clear a request for civil penalties against an insolvent employer would have made no difference here. When an employer is insolvent, the Fund steps into the shoes of the employer and has the obligation to pay the claimant. The legislative purpose of K.S.A. 44-512a is to secure prompt compensation for the employee, i.e., subjecting employers to penalties for unpaid compensation benefits discourages employers from delaying payment. *Hatfield*,

18

14 Kan. App. 2d at 196-97. Therefore, the majority's conclusion that Benavidez needed to make demand for payment from an undisputedly insolvent employer and/or demand for penalties the Fund would not be required to pay represents a hurdle Benavidez should not have to jump because he is not seeking any penalties, only the payment of his injury-related medical expenses. This runs contrary to the acknowledged legislative purpose of K.S.A. 44-512a.

I find the district court erred in dismissing the action and by granting the Fund's motion for summary judgment.

I would reverse and remand for further proceedings.